**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Brian HOYT, aka Brian Doyle,**
**Defendant–Appellant.**

No. 87–1224.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 13, 1988.

Decided March 17, 1989.

Amended June 15, 1989.

Amended Aug. 16, 1989.

Amended Nov. 9, 1989.

Before BOOCHEVER and BRUNETTI *, Circuit Judges, and STEPHENS **, District Judge.

ORDER

Footnote 1 on 879 F.2d 505, 506 (9th Cir.1989) should be deleted. The remaining footnotes should be renumbered.

---

\* Judge Brunetti was drawn to replace Judge Anderson.

\*\* Honorable Albert Lee Stephens, Jr., Senior District Court Judge for the Central District of California, sitting by designation.

**1258**

At the end of section VII, 879 F.2d, at 514, the following text should be inserted before the section titled "Conclusion:"

VIII.   Special Assessment Penalty

This circuit has held that 18 U.S.C. Section 3013 (Supp. II 1984), the special assessment statute under which Hoyt was fined, is unconstitutional as a violation of the Origination Clause of the Constitution. U.S. Const. art. I, Section 7. *United States v. Munoz–Flores*, 863 F.2d 654, 661 (9th Cir.1988), cert. granted, —— U.S. ——, 110 S.Ct. 48, 107 L.Ed.2d 17 (1989).

Although Hoyt did not raise the constitutionality of the assessment in his appeal, a court of appeals may review issues *sua sponte* under exceptional circumstances, where substantial public interests are involved, or where to not do so would be unduly harsh to one or both of the parties. *See Preservation Coalition, Inc. v. Pierce*, 667 F.2d 851, 862 (9th Cir.1982) (citing *Consumers Union of United States, Inc. v. FPC*, 510 F.2d 656, 662 n. 10 (D.C.Cir. 1975)). We therefore reverse that part of Hoyt's sentence and remand for the district court to vacate the assessment. *See Shah v. United States*, 878 F.2d 1156 (9th Cir. 1989) (*sua sponte* order of vacation of special assessment in appeal from denial of 28 U.S.C. Section 2255 motion).