899 F.2d 1226
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 UNITED STATES of America, Plaintiff-Appellee,
v.
Richard Roger GARCIA, Defendant-Appellant.
 No. 89-50000.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 16, 1990*.
Decided April 10, 1990.
 Before JAMES R. BROWNING, ALARCON and POOLE, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Pursuant to a conditional plea of guilty, Richard Roger Garcia appeals his conviction for possession of an unregistered machine gun and silencer, in violation of 21 U.S.C. Secs. 5861(d) and 5871. Garcia contends that the district court erred by denying his motion to suppress evidence found during the search of his home and by refusing his request for an evidentiary hearing to challenge the veracity of the affidavit in support of the search warrant. We have jurisdiction under 28 U.S.C. Sec. 1291 and we affirm in part and reverse and remand in part.
 
 
 3
 * Garcia contends that the district court erred by denying his request for an evidentiary hearing under Franks v. Delaware, 438 U.S. 154 (1978). This contention lacks merit.
 
 
 4
 "In Franks, the Supreme Court held that a defendant could challenge a facially valid affidavit by making a substantial preliminary showing that '(1) the affidavit contains intentionally or recklessly false statements, and (2) the affidavit purged of its falsities would not be sufficient to support a finding of probable cause.' " United States v. Stanert, 762 F.2d 775, 780 (9th Cir.1985) (quoting United States v. Lefkowitz, 618 F.2d 1313, 1317 (9th Cir.), cert. denied, 449 U.S. 824 (1980)), modified, 769 F.2d 1410 (9th Cir.1985). "Where the defendant makes such a showing, the Fourth Amendment requires that a hearing be held at the defendant's request." Stanert, 762 F.2d at 780 (citing Franks, 438 U.S. at 155-56).
 
 
 5
 Here, the affidavit in support of the search warrant for Garcia's home states that on March 9, 1985, police officers executed a search warrant at the home of Charles Holt, an acquaintance of Garcia. This statement is incorrect because on March 9, 1985, police officers were serving an arrest warrant for Holt and gained access to search Holt's home by third party consent.[1]
 
 
 6
 There is no evidence, however, that the affiant's incorrect reference to a search warrant rather than an arrest warrant was made intentionally, or with reckless disregard for the truth. The affiant obtained this misinformation from an officer of another police department. At the district court hearing on Garcia's motion to suppress, this police officer testified that he mistakenly informed the affiant that a search warrant had been executed at Holt's home. Furthermore, the police report for this incident mistakenly referred to a "drug arrest and investigation" at Holt's home.
 
 
 7
 Garcia did not make a "substantial preliminary showing" that (1) the affidavit contained an intentional or reckless false statement, or (2) the affidavit purged of the inaccurate statement would not be sufficient to support the finding of probable cause. See Stanert, 762 F.2d at 780. Therefore, district court's refusal to hold a Franks hearing to allow Garcia to question the affiant was not error.
 
 II
 
 8
 Garcia contends that the district court erred by denying his motion to suppress evidence seized at his residence pursuant to the search warrant. He challenges the magistrate's determination that the affidavit in support of the search warrant established probable cause for the search. This contention lacks merit.
 
 
 9
 "We may not reverse a magistrate's finding of probable cause unless it is clearly erroneous. We need only find that under the totality of the circumstances the magistrate had a substantial basis for concluding that probable cause existed." United States v. McQuisten, 795 F.2d 858, 861 (9th Cir.1986) (citations omitted). " 'To credit a confidential source's information in making a probable cause determination, the affidavit should support an inference that the source was trustworthy and that the source's accusation of criminal activity was made on the basis of information obtained in a reliable way.' " United States v. Stanert, 762 F.2d 775, 780 (9th Cir.1985) (quoting United States v. Landis, 726 F.2d 540, 543 (9th Cir.), cert. denied, 467 U.S. 1230 (1984)), modified, 769 F.2d 1410 (9th Cir.1985). See also United States v. Freitas, 716 F.2d 1216, 1221 (9th Cir.1983) (if informant spoke with personal knowledge, report is generally considered reliable enough to support a finding of probable cause).
 
 
 10
 Here, the affidavit contains information from a confidential informant that supports a finding of probable cause. The informant stated that he had witnessed Garcia sell cocaine to a third person at Garcia's home. This sale occurred within five days of the issuance of the search warrant. The informant also accurately described Garcia's physical appearance, his address, and the truck he drove. The affidavit further states that the purchaser of the cocaine told the informant that "cocaine can be purchased from [Garcia] at this address at almost any time as he maintains an ample supply for sale." Finally, the affidavit states that this informant had provided reliable information on several occasions within three months of the drafting of the affidavit.
 
 
 11
 We conclude that based on this information from a previously reliable informant with personal knowledge, the magistrate had a substantial basis for finding that probable cause for the search existed. See McQuisten, 795 F.2d at 861. The affidavit supports an inference that the informant was trustworthy and that his information was obtained in a reliable way. See Stanert, 762 F.2d at 779; Freitas, 716 F.2d at 1221.[2]
 
 III
 
 12
 Finally, although Garcia did not raise the issue on appeal, we have held 18 U.S.C. Sec. 3013, the statute authorizing imposition of a special assessment fee, to be unconstitutional. United States v. Munoz-Flores, 863 F.2d 654, 661 (9th Cir.1988), cert. granted, 110 S.Ct. 48 (1989). We raise this issue sua sponte, and reverse and remand to the district court with instructions to vacate the special assessment fee of $50 included in Garcia's sentence. See United States v. Hoyt, 888 F.2d 1257, 1258 (9th Cir.1989).
 
 
 13
 AFFIRMED IN PART; REVERSED AND REMANDED IN PART.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); Ninth Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 The affidavit describes citizen complaints received by the police concerning drug sales by Garcia and Holt in an alley adjacent to a school near Garcia's home. The affidavit further states that "Officer Vanderpool developed sufficient information for a search warrant for the residence of Charles Holt.... Officers served the search warrant on the residence of Charles Holt and found paraphernalia associated with the packaging and sales of small amounts of cocaine." The affidavit also correctly states that during this search, Garcia was seen driving away from Holt's residence and subsequently was arrested for carrying a loaded weapon
 
 
 [2]
 The affidavit also contains information regarding three other incidents in which Garcia was linked to the use, possession or sale of illegal narcotics. Garcia argues that this information cannot support a finding of probable cause because these incidents occurred up to three years before the search warrant was issued. We have held, however, that "[t]he mere lapse of substantial amounts of time is not controlling in a question of staleness." Dozier, 844 F.2d at 707. Moreover, even if this information were redacted, the informant's report of a drug sale by Garcia within five days of the issuance of the search warrant is sufficient to support the magistrate's finding of probable cause