944 F.2d 910
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mark Anthony TONEY, Defendant-Appellant.
 No. 90-50038.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 15, 1991.*
Decided Sept. 12, 1991.
 
 Before WALLACE, Chief Judge, GOODWIN and KOZINSKI, Circuit Judges.
 
 MEMORANDUM
 
 1
 Toney appeals from a judgment of conviction, following jury trial, for distributing cocaine in violation of 21 U.S.C. § 841(a)(1). He argues that the district court erred by failing to instruct the jury on the defense of entrapment, and by excluding evidence relevant to the entrapment defense. The district judge had jurisdiction over this criminal case pursuant to 18 U.S.C. § 3231. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291. We affirm.
 
 
 2
 "In order to establish entrapment a defendant must show: (1) that he was induced to commit the crime by a government agent; and (2) that he was not otherwise predisposed to commit the crime." United States v. Busby, 780 F.2d 804, 806 (9th Cir.1986) (Busby ). Where the evidence presents no genuine dispute as to whether the defendant was entrapped, the judge need not submit entrapment instructions to the jury. Id. The standard of review for determining whether the district judge erred by refusing to charge the jury on entrapment is unclear in this circuit. See United States v. Sotelo-Murillo, 887 F.2d 176, 179 (9th Cir.1989) (pointing out split of authority as to whether standard is de novo or abuse of discretion). However, we need not resolve this conflict, because we conclude that the judge did not err under either standard.
 
 
 3
 The principal element of entrapment is the defendant's predisposition to commit the crime. United States v. Hoyt, 879 F.2d 505, 509 (9th Cir.), amended, 888 F.2d 1257 (9th Cir.1989). In determining the defendant's predisposition, the court should consider: the character or reputation of the defendant; whether the government initially made the suggestion of criminal activity; whether the defendant engaged in the criminal activity for profit; whether the defendant exhibited reluctance to commit the offense that was only overcome by repeated government inducement; and the nature of the inducement or persuasion offered by the government. Busby, 780 F.2d at 807. Of these factors, the defendant's reluctance to engage in criminal activity is the most important. Id.
 
 
 4
 The circumstances of this case demonstrate that the defendant was predisposed to commit the crime of distributing cocaine. Although Land, a government informant, initially made the suggestion of criminal activity by asking Toney whether he knew anyone interested in purchasing weapons, Toney displayed no reluctance to engage in the transaction. Toney immediately gave Land his pager number, and asked Land to follow him home. After establishing this initial contact, Toney told Land to call him whenever he was ready to do business.
 
 
 5
 After securing approval of the Bureau of Alcohol, Tobacco and Firearms, Land called Toney and asked him if he would be willing to exchange guns for drugs. Here again, Toney displayed no reluctance. In response to this inquiry, Toney said that he had all the drugs Land could buy. A meeting was arranged in the parking lot of a restaurant. Although the exchange was not made at that time because of Toney's security concerns, Toney assured the officers that he could get them all the drugs they wanted.
 
 
 6
 During the period between the meeting at the restaurant and the consummation of the deal, Toney was responsible for keeping the negotiations alive. During the next week, Toney paged Land seven times in an attempt to set up a meeting place. These actions demonstrate that Toney was not reluctant to sell the drugs, but actually was eager for the deal to go through. See Busby, 780 F.2d at 808 (defendant's phone call to check on status of deal is "strong evidence" of predisposition).
 
 
 7
 Toney entered into the arrangement for profit. The parties arranged for Toney to exchange five ounces of cocaine for $2,000 and two guns. Although Toney asserts that he was unwilling to sell the cocaine and only wanted the guns, when he met with government agents the first thing he asked to see was the money.
 
 
 8
 Finally, there was no unusual inducement offered by the government. Given Toney's eagerness to engage in the transaction, and the lack of unusual inducements, we conclude that the evidence presented no genuine dispute as to whether he was predisposed to commit the offense. The judge's refusal to instruct the jury on entrapment was proper.
 
 
 9
 Toney also argues that the district judge erred by excluding a statement concerning entrapment made by one of the agents outside of the presence of the defendant. Toney argues that this statement was crucial to convey "the atmosphere, emotions and feeling" of the meeting between Toney and the agents. The district judge's evidentiary rulings are reviewed for abuse of discretion. United States v. Kessi, 868 F.2d 1097, 1107 (9th Cir.1989).
 
 
 10
 There was no abuse of discretion. The judge concluded that the statement was inadmissible because the agent's state of mind was not relevant to the issue of whether Toney was predisposed to commit the crime. Instead, the judge admitted into evidence the tape of the conversation between Toney and the agents, to enable the members of the jury to draw their own conclusions about the incident. Under these circumstances, the evidentiary ruling was not an abuse of discretion.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4