951 F.2d 364
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Secundino Navarro ROMERO, Defendant-Appellant,
UNITED STATES of America, Plaintiff-Appellee,
v.
Carlos HERNANDEZ-URENA, Defendant, Appellant.
 Nos. 89-50002, 89-50006.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 6, 1991.*
Decided Dec. 13, 1991.
 
 Before FARRIS, PREGERSON and DAVID R. THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Co-Defendants Secundino Romero and Carlos Hernandez-Urena appeal their convictions, following a jury trial, for conspiracy to distribute and distribution of heroin in violation of 21 U.S.C. §§ 841(a)(1) and 846. In addition, Hernandez-Urena appeals his conviction for carrying a firearm in the commission of a drug-trafficking offense in violation of 18 U.S.C. § 924(c)(1).
 
 
 3
 Romero contends, and the government concedes, that the district court erred in allowing a magistrate to impanel the jury. The court raises this issue sua sponte as to Hernandez-Urena since "not to do so would be unduly harsh to one ... of the parties." United States v. Hoyt, 888 F.2d 1257, 1258 (9th Cir.1989). We have jurisdiction under 28 U.S.C. § 1291. We reverse and remand for a new trial.
 
 
 4
 In this case, a federal magistrate conducted voir dire in defendant's felony trial without either consent or objection by the parties. The Supreme Court has held that the Federal Magistrates Act does not authorize magistrates to conduct voir dire in felony trials and that it was reversible error for a magistrate to select a jury over defendant's objection. Gomez v. United States, 490 U.S. 858, 876 (1989). In addition, we have held that a defendant's failure to object contemporaneously to a magistrate's conduct of jury selection in a felony trial before the Supreme Court's decision in Gomez[1] does not waive the defendant's right to a reversal. United States v. France, 886 F.2d 223, 226 (9th Cir.1989), aff'd 111 S.Ct. 805 (1991) (per curiam).
 
 
 5
 In France, we reasoned that because of the "solid wall of circuit authority" approving a magistrate's conduct of voir dire in felony trials, "[a]ny objection to the magistrate performing voir dire in France's case would, therefore, clearly have been futile." France, 886 F.2d at 228. Thus, before Gomez, defendant's failure to object contemporaneously to the magistrate's selection of a jury would not have constituted a waiver of his right to object. Id.
 
 
 6
 After Gomez, the Supreme Court found that a magistrate's conduct of voir dire is constitutional and consistent with the Federal Magistrate's Act if the parties consent to the magistrate's impanelment of a jury. Peretz v. United States, 111 S.Ct. 2661, 2667 (1991). In light of the Supreme Court's decision in Peretz, the Ninth Circuit recently reaffirmed the validity of its holding in France that in pre-Gomez cases a defendant's failure to object to a magistrate's conduct of voir dire does not waive his right to object. "The futility of a pre-Gomez objection is not altered retroactively by the Supreme Court's determination that a defendant now has a clearly enunciated right to object to delegation, even though that objection can be waived by consent." United States v. Gamble, No. 89-50067, slip op. at 4 (9th Cir. August 22, 1991) (per curiam).
 
 
 7
 In Gamble, a pre-Gomez case, the magistrate conducted voir dire without objection by defendant. This court held that "[e]ven though it is now clear that a defendant may object or consent to delegation of voir dire, our decision in France continues to control cases in which a defendant's trial began before the decision in Gomez. " Id.
 
 
 8
 Here, Romero and Hernandez-Urena's trial began on October 25, 1988, before the decision in Gomez. The parties agree that the co-defendants were not given an opportunity to object or consent to the magistrate's selection of the jury. Under the rule enunciated in France and followed in Gamble, we reverse the convictions and remand for a new trial.
 
 
 9
 REVERSED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(1); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The mandate in Gomez was issued on July 7, 1989. Thus, Gomez applies to all cases "pending on direct review or not yet final on July 7, 1989, the date on which the mandate in Gomez was issued." France, 886 F.2d at 227