951 F.2d 363
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Erick BRENT, a/k/a Robert Slauson, Defendant-Appellant.
 No. 91-50190.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 20, 1991.*
Decided Dec. 27, 1991.
 
 Before WILLIAM A. NORRIS, WIGGINS and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Erick Brent appeals his sentence, following a guilty plea, for possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1). Brent contends that section 841(b)(1) violates the equal protection clause of the fourteenth amendment by making an arbitrary and irrational distinction between offenses involving cocaine base and those involving cocaine powder. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 We review the constitutionality of a statute de novo. United States v. Savinovich, 845 F.2d 834, 839 (9th Cir.), cert. denied, 488 U.S. 943 (1988).
 
 
 4
 A defendant convicted of possession of 50 grams or more of cocaine base is subject to a ten-year mandatory minimum prison term. 21 U.S.C. § 841(b)(1)(A)(iii). The penalty levels for offenses involving cocaine powder are substantially lower. Brent argues that this penalty scheme denied him equal protection because cocaine base and cocaine powder are essentially the same.
 
 
 5
 Under the fifth amendment, equal protection requires that the legislative classification under 21 U.S.C. § 841(b) be rationally related to the purpose for which the classification was made. Savinovich, 845 F.2d at 839. We have previously held that Congress' classification of cocaine base and cocaine powder does not violate equal protection because it furthers a legitimate governmental interest, namely, curtailing and deterring the distribution of crack cocaine. See United States v. Malone, 886 F.2d 1162, 1166 (9th Cir.1989); United States v. Hoyt, 879 F.2d 505, 512 (9th Cir.), amended on other grounds, 888 F.2d 1257 (9th Cir.1989).
 
 
 6
 Here, Brent was found to have possessed 220 grams of cocaine base, which resulted in an adjusted offense level of 32 and a sentencing range of 121-151 months under the United States Sentencing Guidelines. The district court's discretion to depart was subject to a 120-month statutory mandatory minimum. Had Brent been convicted of possession of similar amounts of cocaine powder, his adjusted offense level would have been 18 and his sentencing range 27-33 months, subject to no mandatory minimum. Although the difference is substantial, this "market-oriented" approach to sentencing is neither irrational nor arbitrary and does not violate Brent's rights to equal protection. See Malone, 886 F.2d at 1166.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3