959 F.2d 242
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ahmad R. BILAL, Defendant-Appellant.
 Nos. 90-50411, 91-50278.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 4, 1992.
Decided April 7, 1992.
 
 Before HUG and PREGERSON, Circuit Judges, and PECKHAM,* District Judge.
 MEMORANDUM**
 Ahmad Bilal appeals from his conviction for conspiracy and possession with intent to distribute a quantity in excess of five kilograms of cocaine, and from the district court's denial of his motion for a new trial. He claims that the district court erred (1) by refusing to give an entrapment instruction as requested, when some evidence of entrapment was presented at trial, and Bilal had denied having the requisite intent to commit the criminal acts; and (2) by denying Bilal's motion for a new trial when, 10 months after the trial, the Government learned and informed Bilal's counsel that the key government witness had lied at trial about his previous criminal record.
 We have jurisdiction to review Bilal's timely appeal pursuant to 18 U.S.C. § 1291. We reverse his conviction on the ground that he was entitled to an entrapment instruction, and remand for a new trial.
 The Ninth Circuit has not resolved the question of whether a district court's refusal to give a proposed jury instruction should be reviewed de novo or for an abuse of discretion. See United States v. Sotelo-Murillo, 887 F.2d 176, 179 (9th Cir.1989). We find that under either standard, the district court erred by denying Bilal's request.
 A defendant is entitled to a jury instruction on entrapment when he presents some evidence (1) that a government agent induced him to commit an illegal act (2) that he was not predisposed to commit. Id. at 179; United States v. Lee, 846 F.2d 531, 536 (9th Cir.1988). "[T]he evidence may be weak, insufficient, inconsistent, or of doubtful credibility," Sotelo-Murillo, 887 F.2d at 178, but the defendant is entitled to the instruction unless the prosecution rebuts the evidence "so that no rational jury could entertain a reasonable doubt as to either element." United States v. Hoyt, 879 F.2d 505, 509 (9th Cir.), amended by 888 F.2d 1257 (9th Cir.1989). A defendant who testifies that he lacked the requisite intent to commit the crime is not precluded from also raising the entrapment defense. Mathews v. United States, 485 U.S. 58, 66 (1988).
 Bilal presented some evidence of inducement by testifying that the government agent refused to complete the transportable telephone deal he had made with Bilal until Bilal put the agent in contact with codefendant Smith. Lack of Bilal's predisposition was demonstrated by some evidence of each of the five factors described in United States v. Busby, 780 F.2d 804, 807 (9th Cir.1986). Bilal testified that the government agent had initiated the activity; that Bilal was engaged in the activity only to facilitate the telephone transactions; that he was reluctant to participate; and that the nature of the inducement was monetary. Other witnesses testified about Bilal's good character and reputation.
 The Government does not point to evidence in the record that clearly demonstrates Bilal's predisposition or otherwise rebuts the evidence of entrapment beyond a reasonable doubt. Bilal was entitled to the instruction. Even though the district judge may have viewed the evidence as incredible, "[t]he weight and credibility of the conflicting testimony are issues properly resolved by the jury." Sotelo-Murillo, 887 F.2d at 182.
 REVERSED and REMANDED.
 
 
 
 *
 The Honorable Robert F. Peckham, Senior United States District Judge for the Northern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3