967 F.2d 594
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America Plaintiff-Appellee,
v.
David Duane MARSH, Defendant-Appellant.
 No. 91-30257.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 6, 1992.*
Decided June 3, 1992.
 
 1
 Before WALLACE, Chief Judge, GOODWIN, Circuit Judge, and CROCKER**, District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 David Duane Marsh challenges the constitutionality of section 2D1.1 of the United States Sentencing Guidelines. Marsh argues that U.S.S.G. § 2D1.1 violates his due process rights by counting each marijuana plant as the equivalent of one kilogram of marijuana for sentencing purposes.
 
 
 4
 Federal officers seized over 180 marijuana plants from Marsh's residence pursuant to a search warrant. Marsh pled guilty to a one count indictment charging him with manufacturing with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1). His sentence was based on an offense level of 26 which corresponds to the possession of more than 100 marijuana plants. Marsh asserts that the sentencing scheme violates his constitutional rights by (1) providing no rational basis for treating offenders differently depending on the number of plants seized; (2) inaccurately determining that each marijuana plant produces 100 kilograms of marijuana; (3) treating growers differently from other marijuana offenders, and (4) treating those arrested prior to harvest more harshly than those convicted after harvest. None of these arguments supports reversal.
 
 
 5
 Section 2D1.1 of the Sentencing Guidelines is based upon 21 U.S.C. § 841. Section 841(b)(1) provides in pertinent part:
 
 
 6
 (B) In the case of a violation of subsection (a) of this section involving--
 
 
 7
 (vii) 100 kilograms or more of a mixture or substance containing a detectable amount of marijuana, or 100 or more marijuana plants regardless of weight ...
 
 
 8
 such person shall be sentenced to a term of imprisonment which may not be less than 5 years and not more than 40 years.
 
 
 9
 21 U.S.C. § 841(b)(1)(B)(vii). Correspondingly, the Sentencing Guidelines provide:
 
 
 10
 In the case of an offense involving marijuana plants, if the offense involved (A) 50 or more marijuana plants, treat each plant as equivalent to 1 KG of marijuana; (B) fewer than 50 marijuana plants, treat each plant as equivalent to 100 G of marijuana. Provided, however, that if the actual weight of the marijuana is greater, use the actual weight of the marijuana.
 
 
 11
 U.S.S.G. § 2D1.1(c) (emphasis in original). Application of the conversion table leads to the appropriate offense level on the Drug Quantity Table, which references marijuana by weight rather than the number of plants.
 
 
 12
 Marsh contends that his constitutional rights are violated by a statute that creates arbitrary classifications of offenders. An act of Congress does not offend the basic principles of due process if it bears a "reasonable relation to a proper legislative purpose, and [is] neither arbitrary or discriminatory." Nebbia v. New York, 291 U.S. 502, 537 (1934). " 'Equal protection does not require that all persons be dealt with identically, but it does require that a distinction made have some relevance to the purpose for which the classification is made.' " United States v. Savinovich, 845 F.2d 834, 839 (9th Cir.), cert. denied, 488 U.S. 943 (1988) ( quoting Baxstrom v. Herold, 383 U.S. 107, 111 (1966)). We are limited to an inquiry into whether the legislative classification under 21 U.S.C. § 841(b)(1)(B)(vii) is rational. Id. Any rational basis Congress had for enacting the statute can validate the legislation.
 
 
 13
 Marsh, who was convicted of growing more than 100 plants, claims that the sentencing classification of § 841(b) violates his due process rights by arbitrarily treating him more harshly than growers of fewer than 50 marijuana plants. There is a rational basis, however, for Congress' decision to penalize large scale growers more harshly than small scale growers. In United States v. Motz, 936 F.2d 1021, 1025 (9th Cir.1991), we recognized that the equivalency scheme reflects Congress' beliefs concerning the seriousness of the crime, not the actual or potential weight of the plant. We held that it is rational to penalize large scale marijuana growers more harshly than small scale growers. Although the defendants in Motz challenged the constitutionality of the "1 plant = 100 gm."[1] equivalency on the basis that there is no evidence that it is accurate, we noted that:
 
 
 14
 [t]he table does not state that the yield of the plant is 100 grams, but rather that the offense level for a crime involving one marijuana plant is the level that would apply in a case involving 100 grams of dried marijuana. There is no constitutional requirement that the penalty for an offense involving one marijuana plant be equal to the penalty for an offense involving the quantity of marijuana the dried plant would yield.
 
 
 15
 Id. at pp. 1025-26. (citations omitted). In other words, the equivalency scheme reflected Congress' belief that a grower of 100 marijuana plants has committed an offense as serious as a distributor of 100 KG of marijuana, while a grower of 45 plants has committed a lesser crime.
 
 
 16
 The statute embraces a "market-oriented" approach to the problem of marijuana proliferation. This approach treats major traffickers who are responsible for creating large quantities of drugs more harshly than other drug offenders. Savinovich, 845 F.2d at 839 (citing H.R.Rep. No. 845, 99th Cong., 2d Sess. Part I at 12 (1986)). We have upheld the constitutionality of this approach. See United States v. Malone, 886 F.2d 1162, 1166 (9th Cir., 1989); United States v. Hoyt, 879 F.2d 505, 512 (9th Cir.), amended, 888 F.2d 1257 (1989). Recently, in United States v. DeLeon, No. 89-30230, slip op. at 1323 (9th Cir. Feb. 7, 1992), we found the mandatory sentencing provisions of 21 U.S.C. § 841(b)(1)(B), which impose penalties according to the quantity of illegal narcotics, to be rationally related to a legitimate government interest in protecting society from large volume drug dealers.
 
 
 17
 The Sentencing Guidelines and the statute indicate that Congress intended to measure the severity of the offense, not the actual weight of the marijuana grown. The sentencing elevation for growing more than 50 plants is a reflection of Congress' belief that growing a large number of plants (capable of large scale distribution) is substantially more serious than growing fewer than 50 plants. This provides a rational basis for the sentencing scheme. We have recognized that the eventual yield of a plant is unknown. Motz, 936 F.2d at 1026.
 
 
 18
 In DeLeon, No. 89-30230 slip op. at 1323, we held that the sentencing scheme of section 841(b)(1)(B)(vii) did not violate the Fifth and Fourteenth Amendment due process and equal protection guarantees. We are bound by the determination of Motz and DeLeon, which upheld the constitutionality of the Sentencing Guidelines against identical attacks.
 
 
 19
 Marsh argues that § 841 violates his due process rights because there is no rational basis for treating plant growers more harshly than those convicted of other marijuana offenses. However, the "market-oriented" approach to the problem of marijuana proliferation, discussed above, offers a rational explanation for § 841(b). By adopting this approach's emphasis on the elimination of those involved in the earlier stages of drug distribution, Congress sought to stop the drug problem early in the distribution cycle to reduce the likelihood of wider distribution. Thus, there is a rational basis for treating plant growers more harshly than those convicted of other marijuana offenses.
 
 
 20
 Marsh argues that the Sentencing Guidelines and 21 U.S.C. § 841(b) favor growers who have completed their harvest and are sentenced by the weight of the plant over those whose harvests are still growing, and are sentenced based on the number of plants. We have found no authority in this circuit to support a constitutional challenge on this basis.
 
 
 21
 An inconsistency does not automatically invalidate a statute. The Supreme Court recognizes that while statutory inconsistencies in absentee ballot schemes may exist, "a legislature need not run the risk of losing an entire remedial scheme simply because it failed, through inadvertence or otherwise, to cover every evil that might conceivably have been attacked." McDonald v. Board of Election Com'rs of Chicago, 394 U.S. 802, 809 (1969). Judicial review does not include speculation about extraordinary circumstances in which a legislative scheme breaks down.
 
 
 22
 Both 21 U.S.C. § 841 and U.S.S.G. § 2D1.1 are constitutional. The district court properly applied the Guideline's one-to-one ratio and correctly counted 187 plants as 187 kilograms of marijuana in assigning Marsh a base offense level.
 
 
 23
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 Honorable M.D. Crocker, United States District Judge for the Eastern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 In Motz, the district court applied the 1988 Sentencing Guidelines which provided that for offenses involving more than 50 plants, each plant is counted as 100 grams of marijuana. U.S.S.G. 2D1.1(c) (1988)