CHR. BJELLAND SEAFOODS A/S (NOW NORWEGIAN SALMON A/S), ET AL.,
PLAINTIFFS *v.* UNITED STATES, ET AL., DEFENDANTS, AND COALITION FOR
FAIR ATLANTIC SALMON TRADE, DEFENDANT-INTERVENOR

Court No. 91-05-00364

(Dated December 9, 1992)

*Mudge Rose Guthrie Alexander & Ferdon* (*N. David Palmeter* and *Jeffrey S. Neeley*), for plaintiff.
*Lyn M. Schlitt,* General Counsel, *James A. Toupin,* Assistant General Counsel, United States International Trade Commission (*Marc A. Bernstein*), for defendant.
*Collier, Shannon, Rill & Scott* (*Michael J. Coursey, Robin H. Gilbert*), for defendant-intervenor.

## ORDER

GOLDBERG, *Judge:* Defendant-intervenor brings a Motion to Vacate Or, in the alternative, to Vacate and Reconsider the Memorandum and Order issued by the court in *Chr. Bjelland Seafoods A/S v. United States,* No. 92–196 (CIT 1992) on October 23, 1992 ("Memorandum and Order"). Defendant-intervenor further brings a Motion to Stay the Remand to the Commission ordered by the court in the Memorandum and Order. Defendant-intervenor's motions are hereby denied.

Defendant United States International Trade Commission ("the Commission") also brings a Motion for Leave to File General Agreement on Tariffs and Trade ("GATT") Documents Under Protective Order. The Commission's motion is also denied.

### A. BACKGROUND

In its Memorandum and Order, the court found that based upon the law and the record, the Commission's material injury determination was not supported by substantial evidence. Further, the court determined in its Memorandum and Order that the Commission improperly considered as evidence of present material injury the continuing effects of an injury which occurred in the past. The court reversed the Commission's final affirmative injury determination and remanded the action to the Commission for reconsideration of its material injury determination.

### B. MOTION TO VACATE OR, IN THE ALTERNATIVE, TO VACATE AND RECONSIDER

Defendant-intervenor now seeks to vacate, or to vacate with reconsideration, that portion of the Memorandum and Order which found that the Commission improperly regarded continuing effects of a previous injury as evidence of present material injury. In its Memorandum and Order, the court noted that the Commission must determine whether an industry is presently being injured by reason of imports. (*Id.* at 13.) The

court found that statutory and case law, and the legislative history of the relevant law, supported the conclusion that:

> to fulfill the present material injury requirement, the Commission must find that an American industry is currently being injured. A determination that the effects of a previous injury are presently being felt will not suffice. To permit these lingering effects to satisfy the present injury requirement * * * would frustrate the solely remedial purpose of the antidumping and countervailing duty statutes * * *." (*Id.* at 19.)

In its Motion to Vacate Or, in the Alternative, to Vacate and Reconsider, defendant-intervenor argues that the issue of whether lingering effects could satisfy the present injury requirement was not raised by plaintiffs at any time before the Commission or the court. Plaintiffs simply asserted that the facts in this case did not affirmatively show that effects of a previous injury were presently injuring domestic producers. Plaintiffs never raised the contention that lingering effects of past imports could not, as a matter of law, constitute present injury. Defendant-intervenor concludes that, consequently, plaintiffs failed to exhaust their administrative remedies in this regard, and the issue of whether lingering effects can, as a matter of law, support a present injury determination was not before the court. Defendant-intervenor therefore seeks an order vacating that portion of the Memorandum and Order determining that effects of a previous injury can not constitute present injury.

In the alternative, defendant-intervenor seeks an order to vacate with reconsideration upon further briefing of the issue "whether the present injury requirement of antidumping and countervailing duty laws can be satisfied by evidence of injurious effects experienced by a domestic industry at the time of the Commissions' final injury determination, where the effects are from unfairly traded imports entered somewhat before that determination." (Motion of Defendant-Intervenor to Vacate Or, in the Alternative, to Vacate and Reconsider at 1.)

Defendant-intervenor grounds its arguments upon the concept that plaintiffs must first exhaust their administrative remedies before challenging an issue on appeal. Defendant-intervenor argues that "[a] reviewing court usurps the agency's function when it sets aside the administrative determination upon a ground not theretofore presented and deprives the Commission of an opportunity to consider the matter, make its ruling, and state the reasons for its action." *Unemployment Compensation Commission of Alaska v. Aragon*, 329 U.S. 143, 155 (1946).

The court finds that defendant-intervenor's contentions are flawed, however. Most importantly, plaintiffs raised the issue of whether con-

tinuing effects of past imports can be evidence of present injury.[1] Secondly, even disregarding the evidence that plaintiffs directly challenged this issue, plaintiffs conclusively raised the concern in their other objections to the Commission's determination.

All parties concede that before the Commission and in this proceeding, plaintiffs properly challenged the Commission's finding that evidence existed to show that effects of imports which occurred in 1989 caused present material injury to a domestic industry. All parties agree that the issues of whether substantial evidence showed that these lingering effects were present, existed in a degree extensive enough to demonstrate present material injury, and in fact did cause injury, were squarely before the court.

Pursuant to 19 U.S.C. § 1516a(b)(1)(B) (1988), when reviewing an antidumping duty order:

> The court shall hold unlawful any determination, finding, or conclusion found —
>
> *     *     *     *     *     *     *
>
> (B) * * * to be unsupported by substantial evidence on the record, or otherwise not in accordance with law. ·

Any evaluation by the court of whether substantial evidence of continuing effects existed to support the Commission's finding of present material injury necessitated the initial determination that lingering effects could ever, as a theoretical principle, suffice to demonstrate present material injury. Should this preliminary determination be answered in the negative, evidence of past imports could not be considered, and no credible evidence would therefore exist to show that domestic producers suffered from a present injury. An affirmative determination that continuing effects can show present material injury is fundamental to the court's determination whether substantial evidence supported the Commission's finding that the domestic industry was presently injured by reason of past imports.

Because the court cannot conduct its substantial evidence inquiry pursuant to 19 U.S.C. § 1516a(b)(1)(B) (1988) without first addressing this inherent, underlying legal issue, the court holds that the issue was manifestly raised before it.

Moreover, the court notes that even assuming the parties did not contest the issue of whether continuing effects can be evidence of present material injury, the court can examine it nonetheless. In analogous circumstances, the court in *Nuelsen v. Sorensen,* 293 F. 2d 454 (9th Cir. 1961) discussed whether a federal appellate court can *sua sponte* con-

---

[1] *See* Complaint filed in this action, *Chr. Bjelland Seafoods A/S v. United States,* Court No. 91–05–00364, where plaintiffs alleged that "the Commission improperly attributed possible past injury to the present." *Id.* at 7. *See also* Memorandum of Points and Authorities Submitted by Plaintiff's in Support of the Motion for Judgment on the Agency Record where plaintiffs argued that even if imports were a cause of past injury, the Commission's conclusion that this amounted to material injury in 1991 was contrary to law. *Id.* at 72.

sider arguments not previously presented by the litigants. The court stated that:

> There is, however, no rigid and undeviating judicially declared practice under which courts of review invariably and under all circumstances decline to consider all questions which have not previously been specifically urged. * * * Exceptional cases or particular circumstances may prompt a reviewing court, where injustice might otherwise result *or where public policy requires,* to consider questions neither pressed nor passed upon below.

*Id.* at 462 (emphasis added). *See also Continental Ins. Cos. v. Northeastern Pharmaceutical & Chem. Co.,* 842 F.2d 977 (8th Cir. 1988), *cert. denied,* 488 U.S. 821 (1988); *United States v. Hoyt,* 879 F. 2d 505 (9th Cir. 1989), *modified,* 888 F.2d 1257 (9th Cir. 1989).

In this action, the public policy interest in sound and reasoned judicial decisionmaking demands that the court review the legal basis upon which the parties arguments are founded. The court therefore finds that defendant-intervenor's Motion to Vacate, or in the Alternative, to Vacate and Reconsider should be denied in full.

### C. Motions for Stay and for Leave To File GATT Documents

Defendant-intervenor also moved this court for a stay of remand to the Commission pending determination of its Motion to Vacate Or, in the Alternative, Motion to Vacate and Reconsider. Because the court denies defendant-intervenor's motions, it accordingly finds that defendant-intervenor's Motion to Stay Remand is moot, and it is therefore denied.

In its Motion for Leave, the Commission sought leave to file documents from the proceedings of a dispute settlement panel established by the Committee on Subsidies and Countervailing Measures of the GATT in the event that the court granted defendant-intervenor's motions with authorization for further briefing in this action. Since the court denies defendant-intervenor's motions, the court also finds that the Commission's Motion for Leave to File GATT Documents Under Protective Order is moot, and it is denied.