999 F.2d 545
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Darin Craig HART, Defendant-Appellant.
 No. 90-50001.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1993.*
Decided July 6, 1993.
 
 Before: CANBY, FERNANDEZ and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Darin Craig Hart appeals his conviction and sentence following entry of a guilty plea to possession with intent to distribute and distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1).
 
 
 3
 Pursuant to Anders v. California, 386 U.S. 738 (1967), Hart's counsel submitted a brief identifying three possible issues for review: (1) application of mandatory minimum sentences based on drug quantities for drug offense convictions is a violation of equal protection; (2) Hart's sentence is disproportionate to the crime of which he was convicted; and (3) Hart's sentence is disproportionate to that received by his allegedly more culpable codefendant. Counsel also filed a motion to withdraw as counsel of record.
 
 
 4
 We have previously considered and rejected challenges to the constitutionality of 21 U.S.C. § 841(a)(1) based on the arguments that the imposition of mandatory minimum sentences under 21 U.S.C. § 841(b) violates due process and equal protection, see United States v. Savinovich, 845 F.2d 834, 839 (9th Cir.), cert. denied, 488 U.S. 943 (1988); see also Chapman v. United States, 111 S.Ct. 1919, 1928 (1991) (quantity-based mandatory minimum sentencing scheme does not violate due process or equal protection); United States v. Harding, 971 F.2d 410, 414 (9th Cir.) (rejecting equal protection and due process challenge to sentencing distinction between cocaine base and cocaine powder), cert. denied, 113 S.Ct. 1025 (1993), and that the penalty provisions of 21 U.S.C. § 841(b) authorize cruel and unusual punishment, see United States v. Hoyt, 879 F.2d 505, 514 (9th Cir.) ("The penalty provisions of 21 U.S.C. § 841(b)(1)(A) ... do not constitute cruel and unusual punishment."), amended, 888 F.2d 1257 (1989); United States v. Klein, 860 F.2d 1489, 1498 (9th Cir.1988) (mandatory minimum sentences of 21 U.S.C. § 841(b)(1)(B) not excessive in relation to sentences for other severe federal crimes).
 
 
 5
 We have also previously held that where, as here, a defendant's challenge to his sentence is "based solely on the disparity between his sentence and his [codefendant's], his challenge must fail." See United States v. Carpenter, 914, 1131, 1136 (9th Cir.1990). "[A] defendant must show that his sentence was the result of incorrect or inadmissible information, or an incorrect application of the Sentencing Guidelines." Id. at 1136. This case presents no such error.
 
 
 6
 Our independent review of the record pursuant to Penson v. Ohio, 488 U.S. 75, 83 (1988), discloses no further issues for review.
 
 
 7
 The motion of counsel to withdraw is GRANTED and the judgment is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3