5 F.3d 544
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Rick VO, Defendant-Appellant.
 No. 92-10530.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 23, 1993.*
Decided Aug. 31, 1993.
 
 Appeal from the United States District Court for the District of Hawaii; No. CR-91-01131-01-DA, David A. Ezra, District Judge, Presiding.
 D.Hawaii
 REVERSED IN PART AND VACATED AND REMANDED IN PART.
 Before PREGERSON, BRUNETTI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rick Vo appeals his conviction, which followed a jury trial, for attempted possession of cocaine for distribution in violation of 21 U.S.C. Sec. 846 (Count I) and the sentence imposed for being a felon in possession of a firearm in violation of 18 U.S.C. Sec. 922(g)(1) (Count II). Vo claims the district court erred by refusing to instruct the jury on entrapment and by sentencing him to ten years in prison on the weapons offense. We have jurisdiction under 28 U.S.C. Sec. 1291 and we reverse the conviction on Count I, vacate the sentence and remand for further proceedings.
 
 
 3
 There is conflicting precedent in this circuit concerning the appropriate standard of review of a district court's decision not to instruct a jury on the defendant's theory of the case. United States v. Kessee, 992 F.2d 1001, 1003 (9th Cir.1993); United States v. Sotelo-Murillo, 887 F.2d 176, 179-180 (9th Cir.1989). We need not resolve that conflict because we conclude that whatever standard may apply, Vo was entitled to an entrapment instruction. See Kessee, 992 F.2d at 1003.
 
 
 4
 "A defendant is entitled to an entrapment instruction if he can present some evidence that a government agent induced him to commit a crime that he was not predisposed to commit." United States v. Becerra, Nos. 92-30105, 92-301112, 92-30115, slip op. 7487, 7494 (9th Cir. July 16, 1993). A defendant who testifies under oath to an account which, if true, could justify a finding of entrapment, establishes a genuine issue of fact. See Kessee, 992 F.2d at 1004. The evidence of entrapment may be " 'weak, insufficient, inconsistent, or of doubtful credibility.' " Sotelo-Murillo, 887 F.2d at 178 (quoting United States v. Yarbrough, 852 F.2d 1522, 1541 (9th Cir.), cert. denied, 488 U.S. 866 (1988)). "[U]nless ... [it] is such that 'no rational jury could entertain a reasonable doubt as to either element' " United States v. Kessee, 992 F.2d at 1003 (quoting United States v. Hoyt, 879 F.2d 505, 509, amended on other grounds, 888 F.2d 1257 (9th Cir.1989)), however, the trial court's failure to instruct the jury on entrapment is reversible error. Sotelo-Murillo, 887 F.2d at 178.
 
 
 5
 Federal agents arrested Vo in March 1990 after he agreed to sell his Porsche to an undercover Drug Enforcement agent for $95,000 and two kilograms of cocaine. Agent Thomas Aiu contacted Vo about the car after surveillance of Vo had revealed no evidence of illegal activity. Tape recordings of their negotiations reveal that Vo declined Aiu's early offers to pay for the car with cocaine or half cocaine and half cash, but finally agreed to accept $95,000 and two kilograms of cocaine.
 
 
 6
 Vo's and Aiu's accounts of their unrecorded conversations differ. Aiu testified that Vo told him he was the leader of a large cocaine distribution ring, trying to sell his flashy car because it was too conspicuous. Vo testified that he was selling his car because he was "pressed" for money, that he had formerly been a drug dealer, but had not used or sold drugs since his arrest for violating state narcotics laws in 1988. At the time of his arrest by federal agents, Vo was legally employed. His regular urine tests, a condition of state probation, confirmed that he was not using drugs, and a search of his home following the arrest revealed no evidence of illegal activity. A signed statement taken by federal agents immediately following Vo's arrest, however, indicated that he had been involved in a cocaine transaction since his arrest on state charges.
 
 
 7
 Although Vo's account of his motivations may have been unbelievable, "[t]he weight and credibility of ... conflicting testimony are issues that the jury, not the court, should have resolved." Becerra, slip op. at 7496. Accordingly we reverse Vo's conviction. In light of our holding, we vacate Vo's concurrent sentence on the firearms offense and remand for resentencing.
 
 
 8
 REVERSED IN PART AND VACATED AND REMANDED IN PART.
 
 RYMER, Judge, dissenting:
 
 9
 I dissent.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3