43 F.3d 1480
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Anthony Cortez JACKSON, Defendant-Appellant.
 No. 94-30090.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 8, 1994.*
Decided Dec. 14, 1994.
 
 Before: NOONAN, O'SCANNLAIN, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Anthony Jackson appeals a sentence of 240 months in prison following his guilty plea to one count of possession of cocaine base with intent to distribute in violation of 21 U.S.C. Sec. 841. We have jurisdiction pursuant to 18 U.S.C. Sec. 3742(a) and 28 U.S.C. Sec. 1291. We affirm.
 
 
 3
 * Between October 7, 1992 and August 9, 1993, Jackson was arrested and searched several times for various offenses. By the time an indictment was returned and an arrest warrant issued, a total of 457.6 grams of cocaine base, 41.9 grams of marijuana, 2 handguns, and $151,340 in cash had been seized from Jackson.
 
 
 4
 Jackson pled guilty to one count of possession of cocaine base with intent to distribute in violation of 21 U.S.C. Sec. 841. Under 21 U.S.C. Sec. 841(b) and Sec. 2D.1(c) of the Sentencing Guidelines, if the offender has a prior felony drug conviction, twenty years in prison is the mandatory minimum penalty for an offense involving either five kilograms of powder cocaine or fifty grams of cocaine base ("crack"). Jackson had three prior convictions for possession of cocaine and one for delivery of cocaine. On February 25, 1994, Jackson was sentenced to twenty years in prison.
 
 II
 
 5
 Jackson claims the distinction between cocaine and crack in 21 U.S.C. Sec. 841(b) and Sentencing Guideline Sec. 2D1.1(c) violates the Equal Protection Clause.
 
 
 6
 Jackson's equal protection claim is foreclosed by United States v. Harding, 971 F.2d 410 (9th Cir.1992), cert. denied, 113 S.Ct. 1025 (1993), in which this court rejected an identical challenge to 21 U.S.C. Sec. 841(b). See id. at 412-13.
 
 III
 
 7
 Jackson claims the 100 to 1 drug equivalency ratio between cocaine and crack in 21 U.S.C. Sec. 841(b) and Sentencing Guideline Sec. 2D1.1(c) is irrational and violates the Due Process Clause.
 
 
 8
 Jackson's due process claim is foreclosed by United States v. Malone, 886 F.2d 1162 (9th Cir.1989), in which this court rejected an identical challenge to 21 U.S.C. Sec. 841(b). In Malone, this court upheld Congress' "market-oriented approach" as a rational basis for treating cocaine and crack differently. See id. at 1166. See also Harding, 971 F.2d at 414; United States v. Hoyt, 879 F.2d 505, 512 (9th Cir.), modified, 888 F.2d 1257 (1989); United States v. Savinovich, 845 F.2d 834, 838-39 (9th Cir.), cert. denied, 488 U.S. 943 (1988).
 
 IV
 
 9
 Jackson claims the mandatory minimum sentence under 21 U.S.C. Sec. 841(b) violates the Eighth Amendment's prohibition against cruel and unusual punishment.
 
 
 10
 Jackson had three prior convictions for possession of cocaine and one for delivery of cocaine. As a result, he was eligible for a life sentence without parole under 21 U.S.C. Sec. 841(b)(1)(A). In United States v. Van Winrow, 951 F.2d 1069 (9th Cir.1991), this court upheld a sentence of life in prison without parole under section 841(b)(1)(A) against an Eighth Amendment challenge. See id. at 1071 (citing Harmelin v. Michigan, 501 U.S. 957 (1991)). See also Hoyt, 879 F.2d at 512-14 (upholding mandatory minimum sentence of 10 years for a first time sentence under 21 U.S.C. Sec. 841(b)(1)(A)). The defendant in Van Winrow possessed 151.9 grams of crack cocaine and had three prior felony convictions. Jackson possessed more than double that amount of crack cocaine. In light of Van Winrow, Jackson's sentence cannot be considered a violation of the Eighth Amendment.
 
 
 11
 Jackson's other due process claims and Eighth Amendment claims are restatements of the above claims and are similarly foreclosed by the settled law of this circuit.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3