**NOT FOR PUBLICATION**



# FILED

FEB 15 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10485 |
| Plaintiff-Appellee, | D.C. No. 1:16-cr-00557-SOM-1 |
| v. | |
| BIYU SITU, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Susan O. Mollway, District Judge, Presiding

Submitted February 14, 2019[**]
Honolulu, Hawaii

Before: TALLMAN, BYBEE, and N.R. SMITH, Circuit Judges.

Biyu Situ was arrested and indicted for two counts of bribery. At trial, she raised an entrapment defense, and the parties agreed to give the Ninth Circuit Model Jury Instruction on entrapment. *See* 9th Cir. Model Crim. Jury Instr. 6.2.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The government requested two additional instructions, to which Situ objected. The district court accepted the instructions without modification, and the jury convicted Situ of both counts of bribery. Situ appeals.

We have jurisdiction under 28 U.S.C. § 1291. We review a district court's "formulation of jury instructions for an abuse of discretion," *United States v. Powell*, 955 F.2d 1206, 1210 (9th Cir. 1991), but review the instructions de novo when "challenged as misstatements of law," *United States v. Gonzalez–Torres*, 309 F.3d 594, 600 (9th Cir. 2002). On appeal, Situ argues that the district court erred by giving the additional instructions because they are inconsistent with Ninth Circuit law and precluded the jury from considering the undercover agent's artifice and Situ's friendship with the informant. Thus, Situ asserts, the instructions "narrowed what could be properly considered by the jury."

The district court did not err in giving the artifice instruction. Ninth Circuit Model Criminal Jury Instruction 4.10 states that "[l]aw enforcement officials may engage in stealth and deception, such as the use of informants and undercover agents, in order to investigate criminal activities." "This instruction should be given when the entrapment defense is being asserted," Model Crim. Jury Instr. 9th Cir. 4.10 cmt., because it "dispel[s] juror concerns over the propriety of governmental undercover activity," *United States v. Hoyt*, 879 F.2d 505, 510 (9th

2

Cir.), *amended*, 888 F.2d 1257 (9th Cir. 1989). Here, the propriety of the government's conduct was at issue, and the court was within its discretion to instruct the jury on a matter that may otherwise be missing from the instructions. *See Powell*, 955 F.2d at 1210 ("A trial court is given substantial latitude in tailoring jury instructions so long as they fairly and adequately cover the issues presented." (citation omitted)).

As to the friendship instruction, the district court did not err by denying Situ's request to add the word "alone" after "mere suggestion" because it would have "create[d] a redundancy." *See United States v. You*, 382 F.3d 958, 966 (9th Cir. 2004) (finding the district court did not err when it declined to add a word to a jury instruction because it would create a redundancy); *United States v. Mendoza–Prado*, 314 F.3d 1099, 1102 (9th Cir. 2002) ("The mere suggestion to commit a crime does not amount to inducement, even if the suggestion is made by a friend." (citation omitted)). The word "mere" was sufficient to indicate that although friendship could be considered, it was not sufficient to establish entrapment on its own.

The instructions did not misstate Ninth Circuit law, *see United States v. Spentz*, 653 F.3d 815, 819 (9th Cir. 2011); *United States v. Poehlman*, 217 F.3d 692, 701 (9th Cir. 2000), nor improperly limit what the jury could consider.

3

Rather, the district court informed the jury that it could "consider any government conduct creating a substantial risk that an otherwise innocent person would commit an offense, including persuasion, fraudulent representation, threats, coercive tactics, harassment, promises of reward, or pleas based on need, sympathy or friendship." *See* 9th Cir. Model Crim. Jury Instr. 6.2; *United States v. Williams*, 547 F.3d 1187, 1197 (9th Cir. 2008).

Regardless, any error was harmless. *Dang v. Cross*, 422 F.3d 800, 805 (9th Cir. 2005) ("If . . . the error in the jury instruction is harmless, it does not warrant reversal."). The government may overcome an entrapment defense by showing either that the defendant "was not induced by the government agents to commit the crime" or that she "was predisposed to commit the crime before being contacted by government agents." Model Crim. Jury Instr. 9th Cir. 6.2; *see also United States v. Temkin*, 797 F.3d 682, 691 (9th Cir. 2015). Prior to the recorded meeting, Situ stated that she wanted protection to "keep the police off [her] back." This evidence was sufficient for a jury to find that she was predisposed the crime. Thus "there is no reasonable possibility that the error materially affected the verdict." *United States v. Koshnevis*, 979 F.2d 691, 696 (9th Cir. 1992) (citation omitted).

**AFFIRMED.**

4