**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**David Lee DEAN, Defendant–Appellant.**

**Nos. 91–50820, 91–50827.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 9, 1992.

Decided Dec. 4, 1992.

Linda R. Navarro, Chula Vista, Cal., for defendant-appellant.

Julia K. Craig, Asst. U.S. Atty., San Diego, Cal., for plaintiff-appellee.

Before TANG, PREGERSON, and ALARCON, Circuit Judges.

PREGERSON, Circuit Judge:

David Lee Dean ("Dean") appeals his conviction after a jury trial on one count of Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1). He also appeals his sentence under 18 U.S.C. § 924(a), (e). We have jurisdiction under 28 U.S.C. § 1291. We reverse the conviction and remand for a new trial.

## BACKGROUND

At Dean's jury trial, Deputy Sheriff Needham testified that Darryl Long approached him while he and another deputy were having lunch at a restaurant. Over a hearsay objection by defense counsel, the trial court allowed Deputy Needham to testify as to statements Long made to him at the restaurant.

According to Deputy Needham, Long said that he had gone to the mobile home of Dean's wife, Mary, earlier in the day to take her to a bingo game. Long said that when he arrived, Dean extorted money from him by discharging a gun near his ear. After defense counsel renewed the hearsay objection, the court instructed the jury that Long's statements were not offered for their truth, but only to show the reason Needham later went to the mobile home.

Deputy Needham further testified that he and another officer then went to Mary Dean's mobile home. When they arrived, Dean was asleep inside the home. Mary Dean and Robert Brown ("Brown"), a co-owner of the home, were also there and they consented to a search of the home.

The officers found a gun in a closed compartment under the fold-out bed on which Dean was lying when the officers arrived.

At trial, Mary Dean testified that she and Robert Brown were the sole co-owners of the mobile home and that Dean did not live there.

On appeal, Dean contends (1) that the district court abused its discretion in allowing Deputy Needham to testify to Long's out-of-court statements; (2) that without these statements, the evidence was insufficient to support his conviction, and (3) that the district court erred by sentencing him under 18 U.S.C. § 924(e).

## DISCUSSION

### I. Out-of-Court Statements

■ We review a district court's ruling to admit evidence over a hearsay objection for abuse of discretion. *United States v. Cowley*, 720 F.2d 1037, 1040 (9th Cir.1983).

■ The government contends that Long's out-of-court statements were admissible because they were offered for the non-hearsay purpose of showing why Deputy Needham went to the mobile home. Even accepting this contention, the statements are inadmissible. "Only evidence that is relevant is admissible." *United States v. Makhlouta*, 790 F.2d 1400, 1402 (9th Cir.1986). *Accord United States v. Sanchez–Lopez*, 879 F.2d 541, 554 (9th Cir. 1989) (citing *United States v. Candoli*, 870 F.2d 496, 508 (9th Cir.1989)). *See also* Fed. R.Evid. 402. For evidence to be relevant it must " 'be probative of the proposition it is offered to prove, and ... the proposition to be proved must be one that is of consequence to the determination of the action.' " *United States v. Click*, 807 F.2d 847, 850 (9th Cir.1987) (quoting *United States v. Hall*, 653 F.2d 1002, 1005 (5th Cir. Unit A Aug.1981)). Long's out-of-court statements are probative of why Deputy Needham went to the mobile home. However, his reasons for going there are not of consequence to the determination of the action, *i.e.*, they do not bear on any issue involving the elements of the charged offense.

The search of the mobile home was conducted pursuant to the consent of the owners, Mary Dean and Robert Brown. "A search conducted pursuant to valid consent is an exception to the fourth amendment's warrant and probable cause requirements." *United States v. Huffhines*, 967 F.2d 314, 318 (9th Cir.1992) (citing *Schneckloth v. Bustamonte*, 412 U.S. 218, 219, 93 S.Ct. 2041, 2043, 36 L.Ed.2d 854 (1973)). While Deputy Needham's reasons for going to the mobile home might have been relevant to establishing probable cause for the search, there was no need to establish probable cause in this case. Thus, the deputy's reasons for going there were not relevant to the search. *See United States v. Makhlouta*, 790 F.2d at 1402 (government agent's state of mind was not relevant to the defendant's entrapment defense; therefore, out-of-court statements made to the agent were irrelevant).

■ Long's out-of-court statements are relevant to prove that Dean possessed the gun. But as such, they are hearsay. To be admissible as hearsay, the statements would have to fall within an established hearsay exception. Fed.R.Evid. 802. The statements do not satisfy the requirements of any of the hearsay exceptions. Accordingly, they are inadmissible.

■ In addition, Long's out-of-court statements raise Confrontation Clause concerns. Because the statements are not within a firmly established exception to the hearsay rule, their admission as hearsay violates Dean's constitutional right of confrontation unless the government demonstrates both that the declarant is unavailable and that the statements bear particularized guarantees of trustworthiness. *See Idaho v. Wright*, 497 U.S. 805, 110 S.Ct. 3139, 111 L.Ed.2d 638 (1990). Not only did the government fail to prove that Long was unavailable, but statements made to deputy sheriffs over lunch by a person unknown to them bear no particularized guarantee of trustworthiness.

In sum, the government did not demonstrate that the challenged hearsay statements were relevant to the proof of any

fact at issue in the trial. *See United States v. Sanchez–Lopez*, 879 F.2d at 554. Nor did it lay a foundation that the hearsay statements had any probative value apart from the improper purpose of establishing the truth of the matter asserted. Accordingly, the district court abused its discretion by admitting the statements. *See id.* at 555.[1]

## II. Harmless Error Analysis

■ The government contends that even if the district court erred by admitting Long's out-of-court statements, the error was harmless. It argues that the admissible evidence overwhelmingly supports Dean's conviction.

■ We review non-constitutional error to determine whether the erroneously admitted evidence more-probably-than-not materially affected the verdict. *United States v. Feldman*, 788 F.2d 544, 555 (9th Cir.1986), *cert. denied*, 479 U.S. 1067, 107 S.Ct. 955, 93 L.Ed.2d 1003 (1987).

The government's argument that Dean had constructive possession of the gun lacks merit. "When premises are shared by more than one person, more than the mere proximity to the contraband, presence on the property where it is found, and association with the person or persons having control of it is required to establish constructive possession." *United States v. Huffhines*, 967 F.2d at 320 (citing *United States v. Rodriguez*, 761 F.2d 1339, 1341 (9th Cir.1985)). Without the erroneously admitted evidence, which put the gun in Dean's hand, the case was weak. The government introduced no evidence of Dean's fingerprints on the gun, nor of powder burns on Dean's hands. It produced no evidence of powder burns on the alleged victim, which might have been found had the gun been fired next to his ear as he claimed. The government also failed to

produce the alleged victim, or any witness who saw Dean with the gun that day.

A prosecution witness did testify to selling the gun to Mary Dean in what was alleged to be a "straw" sale to Dean. However, Brown testified for the defense that he bought the gun from Mary Dean immediately after she purchased it and, without Dean's knowledge, later placed it in the closed compartment where it was found.

Under the circumstances, it was more probable than not that the erroneously admitted evidence affected the jury's decision. Accordingly, we cannot hold that the error was harmless.

We reverse Dean's conviction and remand for retrial. Thus, we do not reach the other issue raised on appeal.[2]

REVERSED AND REMANDED.

---

1. At oral argument, the government suggested that Long's out-of-court statements might be admissible as *res gestae*. We long ago expressed approval of Professor Wigmore's repudiation of the *res gestae* doctrine. *See Flintkote Co. v. Lysfjord*, 246 F.2d 368, 385 (9th Cir.), *cert. de-*

*nied*, 355 U.S. 835, 78 S.Ct. 54, 2 L.Ed.2d 46 (1957).

2. In light of our decision in *United States v. Sahakian*, 965 F.2d 740 (9th Cir.1992), the government concedes the error in sentencing.