993 F.2d 886
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Bryant Damont PATTON, Defendant-Appellant.
 No. 89-50622.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 27, 1993.*
Decided May 13, 1993.
 
 Before: BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Bryant Damont Patton appeals his conviction, following a jury trial, for possession of an unregistered firearm in violation of 26 U.S.C. § 5861(d). Patton argues that the district court erred by admitting an out-of-court statement over a hearsay objection, and that without this statement, the evidence was insufficient to support his conviction. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 We review for abuse of discretion a district court's admission of evidence over a hearsay objection. United States v. Dean, 980 F.2d 1286, 1288 (9th Cir.1992).
 
 
 4
 An out-of-court statement offered to show the effect on the listener, rather than the truth of the matter asserted, is not hearsay. See United States v. Payne, 944 F.2d 1458, 1472 (9th Cir.1991), cert. denied, 112 S.Ct. 1598 (1992). Nevertheless, evidence that is not relevant to the proof of any fact at issue in the trial is inadmissible. Dean, 980 F.2d at 1288.
 
 
 5
 At jury trial, California Highway Patrol ("CHP") Officer Michael Shank testified that he and his partner, CHP Officer John Taylor, responded to a radio call for a police car in the Willowbrook area of Los Angeles. When Shank and Taylor arrived at the scene two other CHP officers and an unidentified resident of the area were present. Shank testified that the resident told him that there was someone in the area with a gun. Patton objected to Shank's testimony regarding the resident's out-of-court statement. The district court overruled Patton's hearsay objection. The court instructed the jury that the statement was admitted only to show what Shank did in response to what the resident told him.
 
 
 6
 Shank further testified that he and Taylor drove through the area with the resident until they saw Patton. Shank and Taylor both testified that Patton appeared to be carrying a shotgun. Shank testified that he and Taylor then drove away from the area, dropped off the resident and met with Los Angeles County ("LAC") deputy sheriffs. The CHP officers and LAC deputy sheriffs proceeded back to the area where Shank and Taylor had seen Patton carrying the shotgun. They found Patton standing in front of a house with two others. LAC deputy sheriff Timothy Running testified that he saw Patton with the shotgun in his hand and that Patton attempted to conceal it on the side of the house when Running shone his flashlight on Patton. Running recovered the shotgun and found that it contained a round of ammunition. CHP Officer Taylor testified that he asked Patton why he carried the gun and that Patton admitted that he carried it for protection.
 
 
 7
 Patton argues that the district court erred by admitting the resident's out-of-court statement. Even assuming that there was error, we conclude that it was harmless. Here, the government produced the testimony of two arresting officers who saw Patton carrying what appeared to be a shotgun and one arresting officer who saw Patton with the gun. In addition, one arresting officer testified that Patton admitted that he was carrying the gun.[1] Patton testified that he was carrying a beer bottle rather than the gun. Patton's testimony was corroborated by his fiance and his fiance's sister, both of whom were present at the scene. Faced with conflicting testimony, we defer to the jury's determination of credibility. See United States v. Martinez, 967 F.2d 1343, 1345 (9th Cir.1992). Based upon the overwhelming evidence presented by the government, we conclude that admission of the resident's out-of-court statement was harmless error. See United States v. Todd, 964 F.2d 925, 931 (9th Cir.1992) (erroneous admission of evidence harmless where overwhelming evidence supported the conviction). Therefore, the judgment of the district court is
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The parties stipulated that the firearm was unregistered