996 F.2d 1228
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Larry HOSKIE, Defendant-Appellant.
 No. 92-10327.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 14, 1993.*
Decided June 16, 1993.
 
 Before: BROWNING, CHOY and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In February 1992, Larry Hoskie was convicted after a jury trial of aggravated sexual abuse in violation of 18 U.S.C. § 2241(c) and abusive sexual contact in violation of 18 U.S.C. § 2244(a)(1). Hoskie was sentenced to 188 months of imprisonment followed by five years of supervised release. Hoskie appeals from the conviction and sentence.
 
 
 3
 Hoskie contends that the district court erred in admitting the testimony of Dr. Herschel Rosenzweig, an expert on sexual child abuse. This issue is controlled by United States v. Hadley, 918 F.2d 848, 852-53 (9th Cir.1990), cert. dismissed, 113 S.Ct. 486 (1992), in which we held that the district court properly admitted expert testimony on general behavioral characteristics of sexually abused children. The expert testimony in this case was very similar to the testimony at issue in Hadley, and the district court did not abuse its discretion in admitting it.
 
 
 4
 Hoskie also contends that the district court erred in admitting the testimony of a school social worker who testified that the victim said that Hoskie had fondled her. This testimony was admissible as a prior consistent statement under Fed.R.Evid. 801(d)(1)(B). The "implied charge of recent fabrication" required by this rule was established by the defense attorney's questions to the victim about whether anyone had coached her testimony.
 
 
 5
 Hoskie further argues that the district court improperly excluded a letter from a doctor stating that a physical examination of the victim was "within normal limits." The district court did not abuse its discretion in excluding this evidence as hearsay. See United States v. Dean, 980 F.2d 1286, 1288-89 (9th Cir.1992) (Proponent of the evidence must lay a foundation that a hearsay statement has "any probative value apart from the improper purpose of establishing the truth of the matter asserted.").
 
 
 6
 Hoskie contends that the trial court erred in denying his motion for judgment of acquittal on the basis of the government's failure to prove force. The district court properly denied Hoskie's motion because force is not an element of either 18 U.S.C. § 2241(c) or 18 U.S.C. § 2244(a)(1).
 
 
 7
 Finally, Hoskie argues that the district court erroneously believed that it did not have the authority to make a downward departure from the sentencing guidelines on the basis of Hoskie's post-offense rehabilitation. We conclude that the district court's position was correct. Alcohol rehabilitation cannot serve as basis for a downward departure from the sentencing guidelines. See United States v. Martin, 938 F.2d 162, 164 (9th Cir.1991), cert. denied, 112 S.Ct. 1679 (1992). Other types of post-offense rehabilitation may be relevant in determining whether a defendant is entitled to a reduction in offense level under U.S.S.G. § 3E1.1 for acceptance of responsibility, but cannot serve as an independent basis for a departure. United States v. Bruder, 945 F.2d 167, 173 (7th Cir.1991) (en banc); United States v. Desormeaux, 952 F.2d 182, 185-86 (8th Cir.1991); United States v. Van Dyke, 895 F.2d 984, 987 (4th Cir.), cert. denied, 498 U.S. 838 (1990).[1]
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Notwithstanding his rehabilitative efforts, Hoskie was not entitled to the § 3E1.1 adjustment because he never accepted responsibility by admitting that he committed the crimes charged