999 F.2d 544
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Amanda BANDERA-SALAS, Defendant-Appellant.
 No. 92-10697.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 6, 1993.*
Decided July 13, 1993.
 
 MEMORANDUM**
 Before TANG, POOLE and NORRIS, Circuit Judges.
 
 
 1
 Amanda Bandera-Salas appeals her jury conviction for three counts of trafficking in false immigration documents in violation of 18 U.S.C. § 1546(a) and three counts of transferring false identification documents in violation of 18 U.S.C. § 1028(a)(2). Bandera-Salas contends that the district court erred by refusing her request for an entrapment instruction and by improperly admitting into evidence a Social Security Administration computer printout. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 2
 * Entrapment Instruction
 
 
 3
 The standard of review for a district court's refusal to give a requested jury instruction is subject to conflicting precedent in this circuit, with some cases applying the abuse of discretion standard and others applying de novo review. United States v. Sitton, 968 F.2d 947, 959 (9th Cir.), cert. denied, 113 S.Ct. 478 (1992), and cert. denied, 113 S.Ct. 1306 (1993). Nonetheless, we need not resolve the conflict because even under the de novo standard, we conclude that Bandera-Salas was not entitled to an entrapment instruction.
 
 
 4
 "A defense of entrapment is established if the defendant was (1) induced to commit the crime by a government agent and (2) not otherwise predisposed to commit the crime." United States v. Kessee, 992 F.2d 1001, 1003 (9th Cir.1993). The defendant must present evidence on both elements of the defense to get the entrapment instruction, but the evidence may be "slight[,] ... weak, insufficient, inconsistent, or of doubtful credibility." Id. (quotations omitted). The defendant, however, is not entitled to the instruction if the prosecution rebuts the evidence such that " 'no rational jury could entertain a reasonable doubt as to either element.' " Id. (quoting United States v. Hoyt, 879 F.2d 505, 509, amended on other grounds, 888 F.2d 1257 (9th Cir.1989)).
 
 
 5
 Here, Alicia Arellano, who had been previously arrested by Immigration and Naturalization Service (INS) agents for being in the United States illegally, agreed to provide information to the INS, in exchange for permission to remain and work in the United States, about people who were selling false immigration documents. Arellano learned from a friend that Bandera-Salas could provide her with an immigration card. Arellano contacted the INS about this information, and the INS instituted Operation "Red Map" to investigate Bandera-Salas.
 
 
 6
 Arellano met with Bandera-Salas and purchased a false temporary resident alien card and false social security card for $350. In a taped conversation with Bandera-Salas, Arellano stated that she was sick, unemployed, and had children whose father had just left for Mexico. Arellano, however, testified that Bandera-Salas was dedicated to the sale of the cards and was not induced by Arellano's story. Arellano further testified that Bandera-Salas stated that in the past, she had obtained false cards for some people who lived with her.
 
 
 7
 Arellano introduced INS Agent Terry Worel, working undercover, to Bandera-Salas, and she purchased two false temporary alien resident cards and two false social security cards from Bandera-Salas for $700. Agent Worel testified that Bandera-Salas never showed any reluctance or hesitance to sell the cards but stated that she could get additional cards without any problem. In addition, Agent Worel testified that Bandera-Salas told her not to tell anyone where Worel had obtained the cards.
 
 
 8
 Although evidence was introduced which could suggest that Bandera-Salas was induced to make the sale of the false cards, no evidence existed to suggest that Bandera-Salas was not already predisposed to commit the crime. Bandera-Salas did not testify, and no evidence was introduced to indicate that she had not previously sold false cards or that she was not inclined to make the sale absent Arellano and Worel's inquiry. Cf. Kessee, 992 F.2d at 1003-04 (because defendant testified that he had never sold drugs previously but succumbed only after repeated requests and after he had lost his jobs, he established a genuine issue of fact requiring the entrapment instruction). The government's evidence, on the other hand, showed that Bandera-Salas showed no reluctance, stated that she could obtain additional cards without any problem, and had previously sold cards to others. Accordingly, because no rational jury could entertain a reasonable doubt as to whether Bandera-Salas was predisposed to commit the crime, the district court did not err by denying the entrapment instruction. Cf. id. at 1003.
 
 II
 Computer Printout
 
 9
 Bandera-Salas contends that the Social Security Administration computer printout introduced to show that the social security cards were false was improperly admitted.
 
 
 10
 We review for abuse of discretion a district court's admission of evidence over a hearsay objection. United States v. Dean, 980 F.2d 1286, 1288 (9th Cir.1992). Public records kept in the course of duty of a public agency fall within an exception to the hearsay rule. Fed.R.Evid. 803(8).[1]
 
 
 11
 Here, a Social Security Administration computer printout was admitted from which names had been redacted because of privacy concerns. While the printout was properly found not to be hearsay, see Fed.R.Evid. 803(8), we agree with Bandera-Salas that an unredacted copy of the printout should have been presented to the district court for in camera inspection to ensure its reliability.
 
 
 12
 Nonetheless, the admission of the redacted computer printout, if error, was harmless. Arellano testified that the social security card she received from Bandera-Salas did not contain her correct social security number; an employee from the Social Security Administration testified that the color, spotting, and paper used suggested that the cards were false; and Agent Worel testified that the social security card she received from Bandera-Salas did not contain her signature or real name and that Bandera-Salas had told her not to tell anyone the source of the cards. Because overwhelming evidence showed that the cards were false, we conclude that the admission of the computer printout was harmless error. See United States v. Todd, 964 F.2d 925, 931 (9th Cir.1992).
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court admitted the computer printout under the business record, see Fed.R.Evid. 803(6), rather than the public record exception. The printout, however, was not generated in the regular course of business but to assist in the prosecution of Bandera-Salas. See id.; United States v. Catabran, 836 F.2d 453, 457 (9th Cir.1988). Accordingly, the evidence is more properly admitted under the public record exception