19 F.3d 31
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose C. SABLAN, Defendant-Appellant.
 No. 93-10309.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 7, 1994.*
Decided Feb. 16, 1994.
 
 Before: SCHROEDER, CANBY and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jose C. Sablan appeals his conviction for being a felon in possession of a firearm in violation of 18 U.S.C. Secs. 922(g), 924(a)(2). Sablan contends the district court erred by (1) denying his request for a jury instruction on constructive possession, (2) rejecting his proposed jury instruction on reasonable doubt, and (3) admitting hearsay testimony. We have jurisdiction under 21 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 Sablan asserts the district court erred by denying his proposed jury instruction on constructive possession because his theory of defense was that he did not actually or constructively possess a shotgun. This argument lacks merit.
 
 
 4
 "Where the question to be resolved is whether other instructions adequately covered the defense theory of the case, our review is de novo." United States v. Garcia-Cruz, 978 F.2d 537, 540 (9th Cir.1992), cert. denied, 113 S.Ct. 2453 (1993); accord United States v. Gomez-Osorio, 957 F.2d 636, 642 (9th Cir.1992).
 
 
 5
 While a criminal defendant is entitled to an instruction regarding his theory of the case, he is not entitled to the particular and specific language he proposes. United States v. Washington, 797 F.2d 1461, 1476 (9th Cir.1986).
 
 
 6
 Here, the district court gave Ninth Circuit Model Jury Instruction No. 3.16, which states:
 
 
 7
 A person has possession of something if the person knows of its presence and has physical control of it, or has the power and intention to control it.
 
 
 8
 More than one person can be in possession of something if each knows of its presence and has the power and intention to control it.
 
 
 9
 Sablan requested that the jury further be instructed:
 
 
 10
 When premises are shared by more than one person, more than the mere proximity to the contraband, presence on the property where it is found, and association with the person or persons having control of it is required to establish constructive possession.
 
 
 11
 Nothing in Sablan's proposed instruction would have required the jury to find an element in addition to the district court's instruction in order to reach their verdict. Likewise, the district court's instruction did not allow the jury to reach a guilty verdict on the basis of Sablan's mere proximity to the shotguns.
 
 
 12
 The district court instructed the jury on every element of Section 922(g), including (1) "the defendant knowingly possessed a shotgun that had been shipped or transported from one state to another" and (2) "at the time the defendant possessed a shotgun, the defendant had been convicted of a felony." The district court instructed the jury that in order to find that Sablan possessed the shotgun, it must find that he knew of its presence and either had physical control of it or had the power and intention to control it. Accordingly, we hold the instructions adequately covered Sablan's defense theory. See Gomez-Garcia, 957 F.2d at 642-43.
 
 
 13
 Sablan also contends the district court erred by rejecting his proposed "double inference" instruction on reasonable doubt. This argument has no merit.
 
 
 14
 We review whether the district court has properly formulated the wording of an instruction for an abuse of discretion. United States v. Solomon, 825 F.2d 1292, 1295 (9th Cir.1987), cert. denied, 484 U.S. 1046 (1988).
 
 
 15
 "The standard of review is whether the instruction taken as a whole was misleading or represented a statement inadequate to guide jury deliberations." United States v. Grayson, 597 F.2d 1225, 1230 (9th Cir.) (affirming rejection of "double inference" instruction), cert. denied, 444 U.S. 873 and 444 U.S. 875 (1979).
 
 
 16
 Here, Sablan requested the following instruction: "If the evidence reasonably permits either a conclusion of innocence or a conclusion of guilt you must find for the defendant." The district court gave Ninth Circuit Model Jury Instruction No. 3.03, which provides:
 
 
 17
 A reasonable doubt is a doubt based upon reason and common sense, and may arise from a careful and impartial consideration of all the evidence, or from lack of evidence. Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty.
 
 
 18
 If after a careful and impartial consideration with your fellow jurors of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration with your fellow jurors of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.
 
 
 19
 The district court's instruction informed the jury of its duty to acquit Sablan if it was not convinced beyond a reasonable doubt that he was guilty. Accordingly, we hold that the district court did not abuse its discretion by refusing to give the "double inference" instruction Sablan requested. See Grayson, 597 F.2d at 1230.
 
 
 20
 Sablan argues the district court erred by admitting Alcohol, Tobacco and Firearms Agent Nixon's testimony regarding Peter Topasna's statement that Sablan carried a shotgun. We disagree.
 
 
 21
 "We review a district court's ruling to admit evidence over a hearsay objection for an abuse of discretion. United States v. Dean, 980 F.2d 1286, 1288 (9th Cir.1992).
 
 
 22
 Hearsay is an out-of-court statement offered to prove the truth of the matter asserted and is inadmissible unless it falls within an exception. Fed.R.Evid. 801, 802. Prior consistent statements are admissible if the declarant is available for cross-examination concerning the statements, the statements are consistent with the declarant's trial testimony, and the statement is offered to rebut a charge of recent fabrication or improper influence or motive. Fed.R.Evid. 801(d)(1)(B); see also United States v. Miller, 874 F.2d 1255, 1271 (9th Cir.1989). The district court must consider the defendant's motive to fabricate exculpatory testimony. Id. at 1274.
 
 
 23
 Here, Topasna testified that Sablan carried a loaded shotgun during their escape from a Guam detention center. On cross-examination, Topasna admitted he had told Sablan's attorney during a pretrial interview that Sablan had not touched the shotguns. Agent Nixon was recalled as a rebuttal witness and testified that when he interviewed Topasna, Topasna told him that Sablan carried a shotgun during the escape attempt. Because Topasna's out-of-court statement to Agent Nixon shows that Sablan carried a shotgun, the point directly at issue, it is not admissible unless it falls within an exception to the rule against hearsay. See Dean, 980 F.2d 1288.
 
 
 24
 The government asserts Topasna's statement is admissible as a prior consistent statement under Fed.R.Evid. 801(d)(1)(B) because Topasna's statement to Agent Nixon was consistent with his trial testimony and was offered to rebut Sablan's implied charge that Topasna fabricated his testimony about Sablan carrying the shotgun in order to improve his plea agreement with the government.[1] Topasna was subject to examination regarding the inconsistency between his statement to Sablan's counsel and his trial testimony as well as his statement to Agent Nixon. The evidence also showed Topasna's statements to Sablan's counsel and to Agent Nixon both occurred after he had pleaded guilty. It was sufficient, therefore, to argue Topasna's motives for fabrication to the jury. Accordingly, we hold the district court did not err by admitting Agent Nixon's rebuttal testimony concerning Topasna's prior consistent statement. See Miller, 874 F.2d at 1275.
 
 
 25
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 At trial the government contended Topasna's statement was not offered to prove the truth of the matter asserted but to show when the statement was made