26 F.3d 133
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ricardo Cesar DIAZ-ARISMENDI, Defendant-Appellant.
 No. 93-10084.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 11, 1994.*
Decided May 19, 1994.
 
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ricardo Diaz-Arismendi appeals his conviction following jury trial for knowingly or recklessly transporting an illegal alien within the United States in violation of 8 U.S.C. Sec. 1324(a)(1)(B). Diaz-Arismendi contends the district court abused its discretion by admitting (1) hearsay testimony and (2) prior inconsistent statements to impeach videotaped testimony by an unavailable witness. Diaz-Arismendi also contends the pre-trial deportation of a material witness violated his right to confrontation and due process. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 * Background
 
 
 4
 On July 8, 1992, Diaz-Arismendi and Javier Castaneda-Hernandez were passengers in a taxi cab driven by Meliton Gomez-Ortiz. Border Patrol agents stopped the taxi cab in Nogales, Arizona, and the three men were taken to a Border Patrol station. Castaneda-Hernandez did not have legal papers permitting him to be in the United States. At the station, Castaneda-Hernandez told Border Patrol Agents Hubert Odom and Laurence Meyers that he had entered the United States illegally, but had used a green business card as an "immigration document" to convince Gomez-Ortiz he had permission to enter the United States.
 
 
 5
 According to a Border Patrol report and testimony by Agents Odom and Meyers, Castaneda-Hernandez stated that Diaz-Arismendi knew that Castaneda-Hernandez was not legal. Agents Odom and Meyers also testified that Diaz-Arismendi watched and listened as Castaneda-Hernandez showed the agents his green business card and explained how he used it to fool Gomez-Ortiz. No prosecutions were pursued based upon this incident but Agent Odom advised Diaz-Arismendi that Castaneda-Hernandez was an illegal alien and that traveling with him could jeopardize Diaz-Arismendi's legal status in the United States. Castaneda-Hernandez was returned to Mexico.
 
 
 6
 On July 9, 1992, officers of the Arizona Department of Public Safety stopped a vehicle that Diaz-Arismendi was driving with Castaneda-Hernandez as a passenger. Border Patrol agents were summoned and Diaz-Arismendi was later arrested for transporting illegal aliens.[1] With Diaz-Arismendi's permission, Castaneda-Hernandez testified in a pre-trial videotaped deposition and was released for deportation to Mexico.
 
 
 7
 According to Castaneda-Hernandez's videotaped testimony, he reentered the United States on July 9, 1992, and coincidentally, met up with Diaz-Arismendi at a gas station. Before agreeing to give him a ride to Phoenix, Diaz-Arismendi asked Castaneda-Hernandez if he had proper papers to be in the United States. Castaneda-Hernandez told Diaz-Arismendi that he had trouble with authorities the day before because he had left his documentation in Mexico. According to Castaneda-Hernandez' videotaped testimony, Diaz-Arismendi stated that he wanted no problems with immigration. Castaneda-Hernandez did not show Diaz-Arismendi any documents suggesting that he was in the United States legally.
 
 II
 Evidentiary Objections
 
 8
 Diaz-Arismendi contends that the district court abused its discretion by admitting testimony by Agents Odom and Meyers concerning Castaneda-Hernandez' statements of July 8, 1992 at the Border Patrol station.
 
 
 9
 We review for abuse of discretion a district court's admission of evidence over a hearsay objection. United States v. Dean, 980 F.2d 1286, 1288 (9th Cir.1992). If hearsay testimony is admitted erroneously, we must determine whether the error was harmless beyond a reasonable doubt. Id.
 
 
 10
 An out-of-court statement offered to show the effect on the listener, rather than the truth of the matter asserted, is not hearsay. See United States v. Payne, 944 F.2d 1458, 1472 (9th Cir.1991), cert. denied, 112 S.Ct. 1598 (1992).
 
 
 11
 During Agent Odom's interview of Castaneda-Hernandez at the Border Patrol station, Diaz-Arismendi watched and listened from eight feet away. The government introduced Castaneda-Hernandez' statement concerning how he fooled Gomez-Ortiz to show that Diaz-Arismendi had been put on notice that Castaneda-Hernandez would lie about his status in order to obtain a car ride. The district court properly admitted the statement to show its effect on Diaz-Arismendi. See Payne, 944 F.2d at 1472. Castaneda-Hernandez' statement that Diaz-Arismendi knew he was an illegal alien, however, constituted inadmissible hearsay. See Fed.R.Evid. 801(c) (out-of-court statement introduced to assert truth of the matter asserted).
 
 
 12
 Nonetheless, any error was harmless. Other evidence showed that Diaz-Arismendi knew of Castaneda-Hernandez's illegal status when he offered him a ride on July 9, 1992. Agent Odom had informed Diaz-Arismendi of Castaneda-Hernandez' status on July 8, 1992, and specifically warned him to avoid traveling with him. Further, the jury could have inferred knowledge or reckless disregard of Castaneda-Hernandez' status from Diaz-Arismendi's presence during the questioning of Castaneda-Hernandez at the Border Patrol station. Accordingly, the erroneous admission of Castaneda-Hernandez' statement regarding Diaz-Arismendi's knowledge was harmless error. See Payne, 944 F.2d at 1473 (erroneous admission of hearsay found harmless where duplicative of other evidence).[2]
 
 
 13
 Finally, we hold that the government did not violate Diaz-Arismendi's rights to due process and confrontation by deporting Castaneda-Hernandez. Diaz-Arismendi agreed to the deportation and has not shown that material, favorable evidence could have been obtained to supplement the videotaped deposition.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Diaz-Arismendi's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Gustavo Garcia-Rios was also a passenger in the vehicle, but the district court dismissed allegations regarding the illegal transportation of Garcia-Rios from the indictment pursuant to the government's motion
 
 
 [2]
 Diaz-Arismendi also contends extrinsic evidence of Castaneda-Hernandez' statement should not have been admitted because Castaneda-Hernandez was not afforded an opportunity to explain or deny the prior inconsistent statements. See Fed.R.Evid. 613(b). Because we find harmless error, we need not resolve whether the hearsay statement also constituted a prior inconsistent statement