103 F.3d 143
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Julio Cesar QUINTANILLA, Defendant-Appellant.
 No. 95-50161.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 5, 1996.*
Decided Nov. 7, 1996.
 
 Before: PREGERSON, REINHARDT, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Julio Cesar Quintanilla appeals his jury conviction for possessing goods stolen from an interstate shipment in violation of 18 U.S.C. § 659 and conspiring to possess stolen goods in violation of 18 U.S.C. § 371. We have jurisdiction pursuant to 18 U.S.C. § 1291, and we affirm.
 
 
 3
 Quintanilla contends that his conviction must be reversed because the district court committed prejudicial error by admitting testimony regarding a rental agreement found on him at his arrest. We disagree.
 
 
 4
 We review the district court's evidentiary rulings, including the admission of witness statements, for an abuse of discretion. United States v. Warren, 25 F.3d 890, 894 (9th Cir.1994). In determining whether a non-constitutional error is harmless, we determine whether that evidence "more-probably-than-not materially affected the verdict." United States v. Dean, 980 F.2d 1286, 1289 (9th Cir.1992).
 
 
 5
 If a party fails to object to the admission of evidence in the district court on the grounds raised on appeal, the district court's decision to admit that evidence is reviewed for plain error. United States v. Gomez-Norena, 908 F.2d 497, 499-501 (9th Cir.1990).[1] Under the plain error standard, an error may only be corrected on appeal if the defendant shows that he was prejudiced or the error affected his "substantial rights." United States v. Olano, 507 U.S. 725, 732, 735 (1993); see also United States v. Bracy, 67 F.3d 1421, 1433 (9th Cir.1995).
 
 
 6
 Even if we were to assume that the admission of the testimony regarding the rental agreement was error, it was not prejudicial. There was an overwhelming amount of other evidence connecting Quintanilla to the crimes. An FBI informant involved in the sting operation testified that he spoke with Quintanilla on the phone and discussed the details of the theft the night before it took place. Two FBI agents testified that they were part of the surveillance team that observed Quintanilla drive the truck with the stolen goods to the storage vault. Quintanilla was arrested on his way back from the storage vault where he had unloaded the stolen goods. Given this evidence, Quintanilla cannot show that the admission of the agents' testimony affected his "substantial rights." See Olano, 507 U.S. at 735; Bracy, 67 F.3d at 1433. Nor do we find that the admission of this testimony "more-probably-than-not materially" affected the verdict. Cf. Dean, 980 F.2d at 1289. Accordingly, Quintanilla's conviction is
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 On appeal, Quintanilla challenges the admissibility of the agents' testimony on both hearsay and best evidence grounds. At trial, he objected only on best evidence grounds. Quintanilla does not challenge the admissibility of the rental agreement introduced at trial as exhibit 11