UNITED STATES of America, Plaintiff–Appellee,

v.

Robert Lowell JARVIS, Defendant–Appellant.

No. 00–30315.
D.C. No. CR–00–05046–JET.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 10, 2001.*

Decided Sept. 20, 2001.

---

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before HUG, PREGERSON, and WARDLAW, Circuit Judges.

MEMORANDUM **

Robert Lowell Jarvis appeals his conviction and 41–month sentence following a bench trial for providing false information to a licensed firearms dealer, in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Jarvis' contention that the district court abused its discretion by denying his request for public funds to hire two expert witnesses pursuant to 18 U.S.C. § 3006A(e)(1) is without merit. *See United States v. Labansat*, 94 F.3d 527, 530 (9th Cir.1996) (stating that to prove an abuse of discretion the defendant must demonstrate both that reasonably competent counsel would have required the assistance of the requested expert for a paying client and that he was prejudiced by the lack of expert assistance).

■ Jarvis has failed to establish by clear and convincing evidence that he was prejudiced by the district court's denial of funds to hire the clinical psychologist. The psychologist was to have testified that Jarvis was incapable of knowingly making a false statement on the federal firearms transaction form—an element of the charged offense—which is prohibited by Federal Rule of Evidence 704(b). *See United States v. Morales*, 108 F.3d 1031, 1037 (9th Cir.1997) (en banc) (stating that a prohibited opinion or inference under Federal Rule of Evidence 704(b) is testimony from which it necessarily follows, if the testimony is credited, that the defendant did or did not possess the requisite mens rea).

■ Furthermore, Jarvis has failed to establish that he was prejudiced by the district court's denial of funds to hire the attorney expert, who was to have testified about the State of Washington's sentencing guidelines, because the testimony was based on the erroneous premise that sentencing guidelines rather than statutes determine what constitutes a felony. *See* RCWA 9A.20.010 (listing classifications and designations of crimes); RCWA 9A.20.021 (listing maximum sentences for felonies and misdemeanors). Likewise, the proffered testimony was irrelevant to

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

the issue of whether Jarvis knowingly made a false statement. Fed.R.Evid. 401; *see also United States v. Dean*, 980 F.2d 1286, 1288 (9th Cir.1992) (stating that for evidence to be relevant, it must be probative of the proposition it is offered to prove, and the proposition to be proved must be one that is of consequence to the determination of the action).[1]

Finally, the district court did not abuse its discretion by denying Jarvis' motion for reconsideration because the motion revisited issues already decided and rejected by the district court. *See Maraziti v. Thorpe*, 52 F.3d 252, 255 (9th Cir.1995).

**AFFIRMED.**

---

1. For the reasons stated above, we also conclude that the district court did not abuse its discretion by excluding Jarvis' exhibits and offers of proof for the expert witnesses. *United States v. Campos*, 217 F.3d 707, 710 (9th Cir.2000).

