**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 4 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-30012 |
| Plaintiff-Appellee, | D.C. No. 2:16-cr-00287-JLR-3 |
| v. | |
| BALTAZAR REYES GARCIA, | MEMORANDUM* |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-30013 |
| Plaintiff-Appellee, | D.C. No. 2:16-cr-00287-JLR-9 |
| v. | |
| ANGEL SERRANO CARRENO, | |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-30014 |
| Plaintiff-Appellee, | D.C. No. 2:16-cr-00287-JLR-4 |
| v. | |
| HECTOR CONTRERAS IBARRA, | |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Argued and Submitted October 21, 2019
Seattle, Washington

Before: IKUTA and BENNETT, Circuit Judges, and DORSEY,** District Judge.

In these consolidated appeals, Baltazar Reyes-Garcia, Hector Contreras-Ibarra, and Angel Serrano-Carreno ("Defendants") appeal their jury convictions for conspiracy to distribute controlled substances and other crimes. They claim that evidentiary and procedural errors, individually and cumulatively, require reversal. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Because the facts are familiar to the parties, we do not recite them here except as necessary.

1.      The district court did not fail to protect Reyes-Garcia's and Contreras-Ibarra's Confrontation Clause rights when it instructed the jury to disregard portions of two police officers' testimony in which they repeated statements made to them by an informant (referred to as "CS3" in the record).

The district court's instruction was clear, and "[w]e normally presume that a

---

**      The Honorable Jennifer A. Dorsey, United States District Judge for the District of Nevada, sitting by designation.

jury will follow an instruction to disregard inadmissible evidence inadvertently presented to it, unless there is an 'overwhelming probability' that the jury will be unable to follow the court's instructions, and a strong likelihood that the effect of the evidence would be 'devastating' to the defendant." *Greer v. Miller*, 483 U.S. 756, 766 n.8 (1987) (citation omitted). Here, the record does not show an "overwhelming probability" that the jury was unable to follow the instruction, and the testimony that the jury was instructed to disregard was not the strongest evidence against Defendants.

And we are not persuaded by Reyes-Garcia's and Contreras-Ibarra's argument that *Bruton v. United States*, 391 U.S. 123 (1968), applies. The circumstances underlying the Court's holding in *Bruton* are not present here. CS3 was not a codefendant who made a "powerfully incriminating" confession, and the district court instructed the jury to disregard all of the testimony repeating CS3's statements to the officers. *Cf. id.* at 131, 135–36. Thus, *Bruton* is inapplicable.

We also conclude that the government, during closing, did not improperly reference the testimony that the jury was instructed to disregard. Read in context, the prosecutor's challenged statement referred to portions of the officers' testimony that the jury was not instructed to disregard. Therefore, the district court did not err, let alone plainly err, by allowing the prosecution to reference the December 2015 controlled buy.

3

2. We review de novo whether the district court properly found that evidence was not "other crimes" evidence under Federal Rule of Evidence ("Rule") 404(b). *See United States v. Soliman*, 813 F.2d 277, 278 (9th Cir. 1987). Evidence that is inextricably intertwined with the charged offense is not "other crimes" evidence. *See United States v. Loftis*, 843 F.3d 1173, 1177 (9th Cir. 2016).

Contreras-Ibarra argues that the district court erred by admitting evidence of an uncharged December 2015 drug transaction at a Yakima, Washington home. The same Yakima home was also involved in one of the charged transactions. The December 2015 transaction showed why the evidence related to the charged transaction proved that the items loaded into a vehicle at the Yakima home and later delivered to an undercover agent were illegal drugs. Thus, the district court did not err by admitting evidence of the December 2015 drug transaction because that evidence was inextricably intertwined with the charged offenses.

Contreras-Ibarra also argues that, under Rule 403, it was error to admit evidence of the December 2015 transaction because it lacked any probative value. His argument is unavailing because the evidence tended to prove that the items loaded into the car at the Yakima home during the course of the charged transaction were methamphetamines.

3. Assuming without deciding that the district court erred by allowing an informant (referred to as "CS1" in the record) to testify about statements made by

4

coconspirators pursuant to Rule 801(d)(2)(E), any error was harmless. *See United States v. Foster*, 711 F.2d 871, 880–81 (9th Cir. 1983). The evidence against Reyes-Garcia was significant, and the challenged statements made by CS1 were not the most compelling pieces of evidence offered by the government. Thus, we conclude that any "error was more probably harmless than not." *United States v. Freeman*, 498 F.3d 893, 905 (9th Cir. 2007).

4. We review the district court's admission of the two challenged wiretap conversations for plain error because Reyes-Garcia did not object to their admission. The wiretap conversation about threats that Reyes-Garcia made to a coconspirator related to a debt owed to Reyes-Garcia was properly admitted because it was made in furtherance of the conspiracy. *See* Fed. R. Evid. 801(d)(2)(E); *see also United States v. Yarbrough*, 852 F.2d 1522, 1536 (9th Cir. 1988). As for the second wiretap conversation, even if we viewed it as an attempt to thwart Reyes-Garcia's collection efforts and assumed that it was improperly admitted because it did not further the conspiracy, Reyes-Garcia fails to show that the error was prejudicial. *See United States v. Olano*, 507 U.S. 725, 734–35 (1993). Thus, the district court did not plainly err by admitting the second wiretap conversation.

5. Reyes-Garcia argues that several statements made by Agent Weathers were inadmissible hearsay. He made a hearsay objection to only one statement—that

5

the FBI received information from the DEA that Reyes-Garcia was working with another drug trafficker. We review the admission of that statement for abuse of discretion. *See United States v. Dean*, 980 F.2d 1286, 1288 (9th Cir. 1992). If the statement was inadmissible hearsay, then "the government must show that the prejudice resulting from the error was more probably harmless than not." *Freeman*, 498 F.3d at 905. We review the admission of Agent Weathers's other alleged hearsay statements for plain error.

Assuming without deciding that the district court erred by admitting Agent Weathers's statement that the FBI received information from the DEA that Reyes-Garcia was working with another drug trafficker, the error was more probably harmless than not. There was significant other evidence showing that Reyes-Garcia was working with the drug trafficker.

As for the three remaining alleged hearsay statements, Reyes-Garcia fails to show that the district court plainly erred by admitting them because he fails to explain how he was prejudiced by their admission. *See Olano*, 507 U.S. at 734.

6. The district court did not plainly err by admitting Agent Weathers's testimony about Reyes-Garcia's prior use of false identification. Reyes-Garcia concedes that the error (assuming there was one) does not rise to the level of plain error.

7. The district court did not err, let alone plainly err, by allowing officers to

6

offer lay testimony describing Reyes-Garcia's conduct as counter-surveillance activities. The vast majority of the officers' testimony was about the suspicious behavior that they observed. And the officers opined, in cursory fashion, that the behavior was consistent with counter-surveillance activities. Thus, the district court did not err by treating the testimony as lay testimony.

And the cases that Reyes-Garcia cites do not show that the court erred in admitting the challenged statements, given the context in which they were made. Because the district court did not err, Reyes-Garcia's other arguments, which rest on the premise that the district court should have treated the testimony as expert testimony—that the district court should have given a dual role instruction at the time of the testimony and that the testimony lacked the proper foundation for expert testimony—necessarily fail.

8. Serrano-Carreno argues that the district court failed to properly consider whether evidence about his prior drug related activity was unfairly prejudicial or needlessly cumulative under Rule 403. We review the district court's application of Rule 403 for abuse of discretion. *United States v. Curtin*, 489 F.3d 935, 943 (9th Cir. 2007). If the district court abused its discretion, we then consider "whether the government successfully bore its burden of proof that the error in admitting the evidence was harmless." *United States v. McElmurry*, 776 F.3d 1061, 1070 (9th Cir. 2015).

Assuming without deciding that the district court erred by failing to conduct a proper Rule 403 balancing analysis, any error was harmless. The evidence against Serrano-Carreno was overwhelming.

9.     Defendants fail to show that the district court abused its discretion when it determined that no further inquiry was necessary after it received a note from a juror inquiring who had knowledge about the juror's information. Defendants argue that, under *United States v. Simtob*, 485 F.3d 1058 (9th Cir. 2007), the district court was required to conduct an inquiry because the note raised a concern about potential bias. *Simtob* is not applicable because the note here, unlike the circumstances in *Simtob*, did not present a "colorable claim of juror bias" based on a report of indirect coercive contact towards the juror. *Id.* at 1064 (quoting *Dyer v. Calderon*, 151 F.3d 970, 974 (9th Cir. 1998)).

10.    The district court did not plainly err by allowing the prosecution to make certain statements about "toxic" drugs being "pour[ed]" into the "community." In context, it was not obvious that the statements asked the jury to convict Defendants in order to protect the community from drugs. Rather, it would have been reasonable for the district court to interpret the statements as asking the jury to make reasonable inferences based on the evidence. *See United States v. Atcheson*, 94 F.3d 1237, 1244–45 (9th Cir. 1996). Indeed, defense counsel elicited testimony from an expert in which the expert stated that "every ingredient in

methamphetamine is toxic to the human body."

Defendants also argue that they were denied their right to a fair trial because the prosecution improperly disparaged defense counsel. We review this claim for abuse of discretion and harmless error because Defendants made this objection below. *See United States v. Tam*, 240 F.3d 797, 802 (9th Cir. 2001); *United States v. Ruiz*, 710 F.3d 1077, 1082 (9th Cir. 2013). "Under harmless error review, claims of prosecutorial misconduct are 'viewed in the entire context of the trial,' and reversal 'is justified only if it appears more probable than not that prosecutorial misconduct materially affected the fairness of the trial.'" *Ruiz*, 710 F.3d at 1082 (quoting *United States v. Younger*, 398 F.3d 1179, 1190 (9th Cir. 2005)).

Assuming without deciding that it was error to allow the prosecution to make the statements referencing defense counsel, any error was harmless. Given the substantial evidence against Defendants, we conclude that they have failed to show that the prosecutor's statements referencing defense counsel more probably than not materially affected the fairness of the trial.

11. Defendants argue that the district court erred by identifying certain exhibit numbers for the jury without informing the jury to not give the exhibits undue weight. We review this claim for plain error because Defendants did not make this specific objection below. *See United States v. Stinson*, 647 F.3d 1196, 1217 (9th Cir. 2011).

9

None of the cases that Defendants rely on clearly establish that a court errs by identifying specific exhibit numbers for the jury without informing the jury to not give the exhibits undue weight. Thus, we conclude that Defendants have failed to show that the district court committed plain error.

12. All Defendants assert a cumulative error claim. "In reviewing for cumulative error, the court must review all errors preserved for appeal and all plain errors." *United States v. Necoechea*, 986 F.2d 1273, 1282 (9th Cir. 1993). Our cumulative error analysis also considers errors not rising to the level of plain error. *United States v. Fernandez*, 388 F.3d 1199, 1256–57 (9th Cir. 2004). We affirm if "it is more probable than not that, taken together," the cumulative effect of the errors "did not materially affect the verdict." *Id.* at 1257.

In light of our conclusions above, we consider these possible errors in our cumulative error analysis for Reyes-Garcia: (1) the admission of CS1's testimony about statements made by coconspirators; (2) the admission of one challenged wiretap conversation; (3) the admission of Agent Weathers's four statements that Reyes-Garcia challenges as inadmissible hearsay; (4) the admission of Agent Weathers's testimony about Reyes-Garcia's prior use of false identification; (5) the admission of the prosecution's statements regarding toxic drugs and defense counsel; and (6) the district court's decision to identify exhibit numbers for the jury without informing the jury to not give the exhibits undue weight. Given the

10

significant amount of evidence against Reyes-Garcia, we conclude that it is more probable than not that the cumulative effect of these claimed errors did not materially affect the verdict.

We consider these possible errors in our cumulative error analysis for Contreras-Ibarra: (1) the admission of the prosecution's statements regarding toxic drugs and defense counsel; and (2) the district court's decision to identify exhibit numbers for the jury without informing the jury to not give the exhibits undue weight. Given the significant amount of evidence against Contreras-Ibarra, we conclude that it is more probable than not that the cumulative effect of these claimed errors did not materially affect the verdict.

Finally, we consider these possible errors in our cumulative error analysis for Serrano-Carreno: (1) the district court's failure to conduct a proper Rule 403 balancing analysis about his prior drug related activity; (2) the admission of the prosecution's statements regarding toxic drugs and defense counsel; and (3) the district court's decision to identify exhibit numbers for the jury without informing the jury to not give the exhibits undue weight. Given the overwhelming evidence against Serrano-Carreno, we conclude that it is more probable than not that the cumulative effect of these claimed errors did not materially affect the verdict.

**AFFIRMED.**